525 S.E.2d 246

**The STATE of South Carolina, Petitioner,**

v.

**Richard E. COLF, Respondent.**

**No. 25038.**

Supreme Court of South Carolina.

Heard Nov. 4, 1999.

Decided Jan. 4, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General, Charles H. Richardson, of Office of the Attorney General, of Columbia; and Solicitor Jay E. Hodge, Jr., of Darlington, for petitioner.

William B. Rogers, Jr., of Rogers & Munnerlyn, of Bennettsville, for respondent.

BURNETT, Justice:

This appeal arises out of Respondent's conviction for third degree burglary and the trial court's decision to permit the State to impeach Respondent with evidence of crimes more

than ten years old. The Court of Appeals reversed. *State v. Colf,* 332 S.C. 313, 318, 504 S.E.2d 360, 362 (Ct.App.1998). We affirm as modified.

## FACTS/PROCEDURAL BACKGROUND

On April 8, 1996, Respondent was arrested and charged with burglary and larceny. At his trial, the State was permitted to impeach Respondent with his prior convictions for attempted breaking and entering, attempted larceny, breaking and entering, larceny, and larceny of a vehicle. The parties do not dispute the convictions are more than ten years old. However, the record does not contain the dates of the convictions. The trial judge gave the jury appropriate limiting instructions both at the time of the testimony and again before it retired to deliberate.

The jury convicted Respondent of burglary, but not larceny. Respondent appealed. The Court of Appeals held the trial court erred in allowing the State to use evidence of Respondent's prior convictions for larceny and breaking and entering to impeach him. It reversed Respondent's conviction and remanded for a new trial. *Id.* This Court granted the State's petition for a writ of certiorari to review the Court of Appeals' decision regarding the admissibility of remote crimes.

## ISSUE

Did the Court of Appeals err in holding the trial court erred in admitting evidence of Respondent's prior convictions?

## DISCUSSION

Admission of evidence falls within the trial court's discretion and will not be disturbed on appeal absent abuse of that discretion. *State v. Huggins,* 325 S.C. 103, 481 S.E.2d 114 (1997). The scope of cross-examination is within the discretion of the trial judge, whose decision will not be reversed on appeal absent a showing of prejudice. *State v. Sherard,* 303 S.C. 172, 399 S.E.2d 595 (1991).

Rule 609(b), SCRE, governs the admissibility of remote convictions. The relevant provision states:

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that *the probative value of the conviction supported by specific facts and circumstances* **substantially** *outweighs its prejudicial effect* .

(emphasis added).

■ We conclude the trial court abused its discretion by admitting the prior convictions without conducting a balancing test and articulating for the record specific facts and circumstances to overcome Rule 609(b)'s presumption against admissibility. The trial judge acknowledged Respondent would be greatly prejudiced by admitting evidence of his past crimes. Nevertheless, the judge articulated no specific facts and circumstances to support his ruling admitting the remote convictions.

This case raises a novel question in South Carolina. However, since the rule is identical to the federal rule, federal cases may be persuasive. The Fourth Circuit has explicitly held that evidence of remote convictions should only be admitted for impeachment purposes "in exceptional circumstances," and that Rule 609(b) requires the trial court to articulate the specific facts and circumstances supporting its determination that the probative value of the evidence substantially outweighs its prejudicial effect. *United States v. Cavender,* 578 F.2d 528 (4th Cir.1978) (Russell, J.); *see also* Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.06[3][a] (2d ed. 1999) ("Courts generally have held that Rule 609(b) requires the district court to make a finding on the record that articulates the facts and circumstances that justify the admission of conviction evidence."); *but see United States v. Spero,* 625 F.2d 779, 781 (8th Cir.1980) (declining to follow *Cavender* and require articulation on the record "at this time.").

■ Rule 609(b) establishes a presumption against admissibility of remote convictions, *United States v. Beahm,* 664 F.2d 414, 418 (4th Cir.1981), and the State bears the burden of establishing facts and circumstances sufficient to substantially

overcome that presumption. *Id.* at 418, *see also Cavender,* 578 F.2d at 529. In both *Cavender* and *Beahm,* the Fourth Circuit reversed the defendants' convictions because the trial courts failed to state specific facts supporting the probative value of the prior convictions for impeachment purposes or show how their probative value substantially outweighed their prejudicial effect. The rule is very clear and we agree with the Fourth Circuit's analysis in *Cavender* and *Beahm.*

In determining whether the probative value of a prior conviction outweighs its prejudicial effect, federal courts often apply the following five factors:

1.  The impeachment value of the prior crime.

2.  The point in time of the conviction and the witness's subsequent history.

3.  The similarity between the past crime and the charged crime.

4.  The importance of the defendant's testimony.

5.  The centrality of the credibility issue.

Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.05[3][a] (2d ed.1999); Stephen A. Saltzburg, Federal Rules of Evidence Manual 1040 (7th ed.1998). These factors are not exclusive; trial courts should exercise their discretion in light of the facts and circumstances of each particular case. *See* Michael H. Graham, Handbook of Federal Evidence § 609.3 (4th ed.1996) (additional factors may include the defendant's age and circumstances, the length of the defendant's criminal record, the likelihood the defendant would not testify, and facts surrounding the conviction).

The State argues that unlike the prior crimes in *Cavender* and *Beahm,* which were sexual in nature, the commission of larceny reflects directly on credibility. *See State v. Vaughn,* 268 S.C. 119, 232 S.E.2d 328 (1977). It cites a number of cases in which courts affirmed the introduction of remote convictions because the convictions directly reflected on credibility, and because the convictions were highly probative where the jury faced a choice between the State's and the defendant's opposing versions of the facts. *See, e.g., United States v. Brown,* 956 F.2d 782 (8th Cir.1992), *United States v. Murray,* 751 F.2d 1528 (9th Cir.1985), *United States v. Brown,* 603 F.2d 1022 (1st Cir.1979).

The fact that larceny reflects on credibility and the importance of credibility to the jury's decision are both factors the trial court should have weighed in making the admissibility determination. These factors may or may not tip the balance toward admission in any particular case. However, no such balancing was done in *this* case.

Moreover, the trial court clearly misapplied another factor—the similarity between the prior crimes and the crime with which Respondent was charged. The trial court stated:

If these prior convictions over ten years old were involving drugs, marijuana, peeping tom [sic], anything other than the charge for which he's being tried, I would not let it in, but when somebody is being tried for grand larceny and he's got six different offenses for grand larceny, the interest of justice, in my view, compels me to let the jury have that testimony for such weight as they are entitled to receive.

As the Court of Appeals noted:

Although the trial court clearly considered the rule and the ends of justice, the court's comments indicated a belief that the convictions were relevant because they related to the same or similar offenses as those with which [Respondent] was currently charged, and a belief that this similarity heightened their probative value.

*Colf,* 332 S.C. at 318, 504 S.E.2d at 362. In *Beahm,* the Fourth Circuit Court of Appeals held the district court erred in apparently finding a remote prior conviction substantially more probative than prejudicial based on the similarity of the crimes. 664 F.2d at 418–19. On the contrary, the court noted, evidence of similar offenses inevitably suggests to the jury the defendant's propensity to commit the crime with which he is charged. This risk is not eliminated by limiting instructions. Therefore, "[s]ince evidence of any similar offense should be admitted only rarely, a similar conviction already presumptively barred from admission by Rule 609(b) should be admitted even more rarely." *Id.* at 419. The trial judge here erred in treating the prior crimes as if their similarity heightened their probative value when it actually increased their prejudicial effect.

The Court of Appeals went on to "consider in more detail the probative value of these convictions, and whether

this probative value 'substantially outweighs' the prejudicial effect." *Colf*, 332 S.C. at 319, 504 S.E.2d at 362. This was error. The Court of Appeals should not have undertaken the Rule 609(b) balancing test itself, but should have remanded the question to the trial court. In *Cavender*, the Fourth Circuit noted that it is precisely this absence of specific facts and circumstances that causes such cases to defy appellate review. 578 F.2d at 531. It is difficult, if not impossible, for an appellate court to balance the interests at stake when the record does not contain the specific facts and circumstances necessary to a decision.

The balancing test required by Rule 609(b) must be conducted by the trial court. As the trial court noted, Respondent was unquestionably prejudiced by the admission of his prior crimes. Whether the probative value of the evidence substantially outweighs that prejudice is a determination the trial court should make after carefully balancing the interests involved and articulating for the record the specific facts and circumstances supporting its decision.

## CONCLUSION

We **AFFIRM** the Court of Appeals' opinion as modified and **REMAND** to the trial court for a new trial.

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.