556 S.E.2d 706

The STATE, Respondent,

v.

Jerry MARTIN, Appellant.

No. 3405.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2001.

Decided Nov. 13, 2001.

Rehearing Denied Dec. 20, 2001.

Trent N. Pruett, of Pruett Law Firm, of Gaffney, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Assistant Attorney General Toyya Brawley Gray, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for respondent.

HUFF, J.

Jerry Martin appeals his conviction for possession of marijuana. Martin claims the trial court erred in admitting evidence seized in the execution of a search warrant that he contends lacked sufficient probable cause to support issuance. He further contends the trial court erred in allowing the admission of his prior drug offenses and in allowing the solicitor to cross-examine him as to his marijuana use. We affirm in part, reverse in part, and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Based on information from a confidential informant, the Gaffney City Police Department executed a search warrant on Martin's home on February 4, 1999. One of the police officers found marijuana in Martin's pants pocket. Martin went to trial on January 18, 2000. At trial, he sought to suppress the marijuana seized, asserting a deficiency in the search warrant affidavit as to the informant's credibility and reliability. He further sought to exclude evidence of his prior convictions pursuant to Rule 609, SCRE, as well as evidence of his prior drug use. The trial judge ruled against Martin on all three issues, and Martin was convicted of possession of marijuana and sentenced to one year imprisonment.

## LAW/ANALYSIS

I. Validity of Search Warrant

Martin argues the trial judge erred in denying his motion to suppress evidence obtained as a result of the February 4, 1999 search. Specifically, Martin asserts the search warrant affidavit was insufficient on its face to establish probable cause inasmuch as it failed to establish the credibility or reliability of the confidential informant. He further contends the affidavit was not properly supplemented by sworn oral testimony. We disagree.

At the hearing on the motion to suppress, Detective Sergeant Billy Gene Odom of the Gaffney City Police Department testified he appeared before Magistrate Robert B. Howell on February 1, 1999, and presented an affidavit to obtain a search warrant for Martin's residence. The affidavit provided, in pertinent part, as follows:

### REASON FOR AFFIANT'S BELIEF THAT
### THE PROPERTY SOUGHT IS ON
### THE SUBJECT PREMISES

Affiant's belief is based upon information received from a Confidential Reliable Informant who has provided information in the past that has proven true and correct. This C.R.I. states that he/she has seen a quantity of marijuana at the above described location within the past 72 hours.

Affiant knows this C.R.I. to know marijuana when seen by past information received from this C.R.I.

A search warrant may be issued only upon a finding of probable cause. *State v. Bellamy,* 336 S.C. 140, 143, 519 S.E.2d 347, 348 (1999). Great deference must be given to a magistrate's conclusions as to whether probable cause exists to issue a search warrant. *State v. Weston,* 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997). Nonetheless, the magistrate may issue the warrant "only upon affidavit sworn to before the magistrate ... establishing the grounds for the warrant." S.C.Code Ann. § 17–13–140 (1985).

"[A] warrant based solely on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge." *State v. 192 Coin–Operated Video Game Machines,* 338 S.C. 176, 192, 525 S.E.2d 872, 881 (2000). In determining the validity of the warrant, a reviewing court may consider only information brought to the magistrate's attention. *State v. Owen,* 275 S.C. 586, 588, 274 S.E.2d 510, 511 (1981).

A "totality of the circumstances" test is applicable in determining whether sufficient probable cause exists to issue a search warrant:

The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Bellamy,* 336 S.C. at 143, 519 S.E.2d at 348 (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "Under the 'totality of the circumstances' test, a reviewing court considers all circumstances, including the status, the basis of knowledge, and the veracity of the informant, when determining whether or not probable cause existed to issue a search warrant." *State v. Jones,* 342 S.C. 121, 128, 536 S.E.2d 675, 679 (2000). "[A] deficiency in one of the elements [of veracity and reliability] may be compensated for,

in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Bellamy,* 336 S.C. at 144, 519 S.E.2d at 349.

■ Here, the magistrate had a substantial basis for concluding marijuana would be discovered in a search of appellant's home. The affidavit advised the magistrate that the confidential informant previously provided Odom with true and correct information, thus establishing the informant's veracity and reliability. The affidavit also specifically set forth the informant's firsthand knowledge of the marijuana in Martin's home, as well as indicated the affiant knew the informant to know marijuana, based on information previously received from the informant. Although Martin correctly notes the affidavit does not specify what reliable information the informant had provided in the past, and the affidavit does not indicate the informant's prior information had led to arrests or convictions, the affidavit does specifically indicate the informant's past information proved to be true.[1] We therefore conclude, under the totality of the circumstances test, the affidavit provided the magistrate with information sufficient to make a probable cause determination.

■ Assuming, however, the search warrant affidavit was insufficient on its face to establish probable cause, we nonetheless find the affidavit was properly supplemented by sworn oral testimony. *See State v. Jones,* 342 S.C. 121, 128, 536 S.E.2d 675, 678–679 (2000) ("Oral testimony may also be used in this state to supplement search warrant affidavits which are facially insufficient to establish probable cause."). The record indicates Detective Odom provided the magistrate with oral testimony as to the reliability and veracity of the confidential informant. Detective Odom testified that whenever he appears before Magistrate Howell to obtain a search warrant based on information from an informant, the magistrate has the practice of asking a certain group of questions, including whether the police have used the informant before and, if so, whether use of the informant was successful. He also asks

---

1. Detective Odom testified at the suppression hearing that the affidavit would not have included an indication that information from this informant had led to previous arrests and convictions, as there had not yet "been any convictions made off this informant."

when drugs were last seen in, or purchased from, the particular residence. He further testified this informant had gone to the residence on two occasions to make a controlled buy while wearing a wire, the first time being a week prior to issuance of the search warrant and the second time within seventy-two hours before signing of the search warrant. Detective Odom knew the informant was able to identify marijuana, in part, because when he sent the informant in on a controlled buy, the informant brought back marijuana. His response to Magistrate Howell's questions would have been to state that, within the past seventy-two hours, marijuana had been seen and purchased from the residence.

Magistrate Howell confirmed he asks four standard questions whenever a police officer presents a search warrant for his signature: (1) whether the police have used the informant before; (2) whether use of the informant has been productive in the past; (3) when narcotics were last seen in the residence; and (4) when a purchase of narcotics was last made at the residence. Although neither Detective Odom nor Magistrate Howell was able to recall the specifics of Odom's appearance before the magistrate in this specific case, Magistrate Howell stated he would not have signed the search warrant had he not been satisfied with Detective Odom's answers to his four standard questions. He further stated he asks those "same four questions on every search warrant" he executes, and he could state with "absolute certainty" that he did so on this particular occasion.

Based on our review of the record, we are convinced the sworn oral testimony before the magistrate sufficiently supplemented the search warrant affidavit to establish any deficiency that might exist in the affidavit as to the veracity and reliability of the informant. Accordingly, we find no error in the admission of the evidence seized pursuant to the search warrant.

## II. Evidence of Prior Convictions

Martin next asserts the trial court erred in ruling evidence of his prior convictions could be used to impeach his testimony because the court failed to properly weigh the probative value

of his prior convictions against the prejudicial effect of the evidence. We agree.

Under Rule 609(a)(1), SCRE, evidence that an accused has been convicted of a crime, which was punishable by death or imprisonment in excess of one year, is admissible for impeachment if the court determines the probative value of admitting this evidence outweighs its prejudicial effect to the accused. The party attempting to introduce the prior conviction for impeachment purposes has the initial burden of establishing the basis for its admission. *State v. Scriven*, 339 S.C. 333, 340, 529 S.E.2d 71, 74 (Ct.App.2000). Rule 609(a)(1) requires the trial judge to balance the probative value of the evidence for impeachment purposes against the prejudice to the accused. *Id.*

In *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000), our Supreme Court expressly approved the five-factor analysis generally employed by federal courts for weighing the probative value for impeachment of prior convictions against the prejudice to the accused, but recognized there may be other factors which a trial judge should, in the exercise of discretion, consider under the facts and circumstances of each particular case. These factors include, but are not limited to:

1. The impeachment value of the prior crime.

2. The point in time of the conviction and the witness's subsequent history.

3. The similarity between the past crime and the charged crime.

4. The importance of the defendant's testimony.

5. The centrality of the credibility issue.

*Id.* While *Colf* involved the admission of prior convictions more than ten years old under Rule 609(b), SCRE, this court has implicitly recognized the value of these factors in making such a determination under Rule 609(a)(1), and urged the trial bench to not only articulate its ruling, but also provide "the basis for it, thereby clearly and easily informing the appellate courts that a meaningful balancing of the probative value and the prejudicial effect has taken place as required by Rule 609(a)(1)." *Scriven*, 339 S.C. at 342, 529 S.E.2d at 75–76. Further, our Supreme Court has expressly recognized the

importance of the factors in a Rule 609(a)(1) analysis. In *Green v. State*, 338 S.C. 428, 433–34, 527 S.E.2d 98, 101 (2000), the court stated that the above five factors, "along with any other relevant factors, should be considered" when the trial courts "weigh the probative value of the prior convictions against their prejudicial effect to the accused and determine, in their discretion, whether to admit the evidence."

In the instant case, the State sought to introduce Martin's prior convictions which were less than ten years old. The record shows Martin was convicted of PWID Valium on January 29, 1990, PWID Xanax and felony DUI in September of 1991, and possession of crack cocaine in 1995. He also had two convictions for possession of marijuana, one of which occurred in 1995. The trial court ruled the possession of marijuana charges were inadmissible, finding they carried a sentence of one year or less, and that their prejudicial effect would outweigh any probative value. The court determined the State could, however, introduce evidence of Martin's convictions for PWID Valium, possession of crack cocaine, and felony DUI if Martin took the stand. The court stated as follows:

> The concern I have is if he's going to take the stand and tell his story, give his side of the thing, the jury's entitled to know. Otherwise, if they're not able to present any prior offenses in the past, then they have a right to assume that he has no prior record whatsoever and that he has a clean record and that concerns the court, because that would not be—you know, I think they're entitled to know if he has these other charges, you know, which might effect his propensity for truth telling.

Martin took the stand and defense counsel, based on the trial court's ruling, brought out Martin's convictions for PWID Valium, PWID Xanax, felony DUI, and possession of crack.

Martin asserts the trial court reached its ruling on this issue without articulating the required balancing test to determine whether the probative value of the convictions would outweigh their prejudicial effect. We agree.

Although the trial judge specifically stated he would not allow admission of Martin's prior marijuana convictions because the prejudicial value would outweigh any probative

value, he made no meaningful analysis of the other convictions he allowed before the jury. The only basis the trial judge provided for his ruling was that Martin's convictions "might effect his propensity for truth telling." However, this is not necessarily so. *See State v. Aleksey,* 343 S.C. 20, 34, 538 S.E.2d 248, 255 (2000) ("Narcotics offenses are generally not considered probative of truthfulness."). Further, at least three of the convictions were for crimes similar to that for which Martin stood trial, and three were fairly remote in time, two of the convictions being more than eight and a half years old, and one conviction being just weeks shy of falling under the ten-year time limit imposed by Rule 609(b), SCRE. Indeed, in reviewing the court's ruling on the matter, it appears the fact that Martin had prior convictions which fell within a ten-year time period simply satisfied the trial judge that the convictions should be admitted.

Finally, as in *Scriven,* 339 S.C. at 342–43, 529 S.E.2d at 76, we note the State made no presentation as to the probative value of the convictions in support of their admission, and it does not appear the court properly applied the burden of establishing a basis for their admission. Based on the record before us, we cannot conclude any meaningful balancing of the probative value and prejudicial effect of these convictions has taken place as required by Rule 609(a)(1).[2] Further, given the remoteness of the convictions and the similarity between the prior convictions and the crime charged, we cannot conclude the admission of these convictions was harmless error. We therefore remand this issue to the trial court for a hearing on the admissibility of each of Martin's prior convictions, with instructions for the trial judge to apply the proper burden of establishing admissibility, and carefully weigh the probative value of the prior convictions for impeachment purposes against their prejudicial effect. *See Colf,* 337 S.C. 622, 629, 525 S.E.2d 246, 249 (2000); *Scriven,* 339 S.C. 333, 344, 529 S.E.2d 71, 77 (2000) (appellate court should not undertake a rule 609 balancing test, but should remand the issue to the trial court).

---

2. It should be noted that the trial judge did not have the benefit of *Scriven* and *Green* at the time of trial, and *Colf,* involving a Rule 609(b) analysis, had been issued only two weeks prior to the trial.

III.   Evidence of Marijuana Use

Martin also contends the trial court erred in allowing the State to cross-examine him on his use of marijuana because he did not place his character into issue.   We find no error.

█  Prior to Martin's testimony in his own defense, his attorney moved *in limine* to preclude the State from introducing evidence of his marijuana use.   The court ruled the State could cross-examine Martin about his marijuana use if he denied being in possession of marijuana on the night of his arrest.   The court found Martin's denial of possession of marijuana would open the door to testimony about his marijuana use and that such evidence would be relevant, with the probative value outweighing any prejudicial effect.

During his direct examination, Martin testified, when officers came to his residence on February 4, he was present along with three other people.   At the time, he was sitting on a couch with another person whom he really did not know. He denied that the marijuana found by the police was his, or that it was found on his person, claiming the marijuana was actually found "under the couch."   On cross examination, Martin admitted to smoking marijuana on a regular basis.

█  Generally, evidence is relevant and admissible if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.   Rules 401, 402, SCRE.   Even if evidence is relevant, it may be excluded if the danger of unfair prejudice substantially outweighs its probative value.   Rule 403, SCRE; *State v. Aleksey*, 343 S.C. 20, 35, 538 S.E.2d 248, 256 (2000).   Although evidence of other bad acts is inadmissible to demonstrate a person's character in order to show action in conformity with that character, such evidence is admissible to show motive, identity, the existence of a common scheme or plan, absence of accident or mistake, or intent.   Rule 404(b), SCRE; *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).   A trial judge has considerable latitude in ruling on the admissibility of evidence and his decision will not be disturbed absent prejudicial abuse of discretion.   *State v. Brazell*, 325 S.C. 65, 78, 480 S.E.2d 64, 72 (1997).

In the instant case, we find evidence of Martin's marijuana use was logically relevant and admissible, not to impugn his character, but rather to establish his motive, as well as his intent for possessing marijuana. *See State v. Gilchrist,* 329 S.C. 621, 626, 496 S.E.2d 424, 427 (Ct.App.1998) ("Evidence of prior drug use is competent to establish motive for a crime where the record supports a logical relevance between the drug use and crime for which the defendant is accused."); *State v. Gore,* 299 S.C. 368, 370, 384 S.E.2d 750, 751 (1989) (evidence that appellant sold cocaine from the same trailer on two prior occasions only one month earlier was admissible to establish his intent regarding his possession of cocaine at the time in question).

Martin admitted the marijuana was found in his residence, but maintained that it was not found on his person and did not belong to him. Accordingly, the State responded with evidence as to Martin's motive and intent in regard to the marijuana found in his residence. Conviction of possession requires proof of possession, either actual or constructive, coupled with knowledge of the drug's presence. *State v. Hudson,* 277 S.C. 200, 284 S.E.2d 773 (1981). "Possession requires more than mere presence. The State must show the defendant had dominion or control over the thing allegedly possessed or had the right to exercise dominion or control over it." *State v. Muhammed,* 338 S.C. 22, 27, 524 S.E.2d 637, 639 (Ct.App.1999). Here, the State was required to establish Martin either had, or at least had the right to exercise, dominion and control over the marijuana discovered in his home, and that he had knowledge of the presence of the marijuana. The jury could have believed that Martin did not have knowledge and/or possession of the drug, but that it was actually possessed by someone else present at the scene. Under these circumstances, the evidence of Martin's prior use of marijuana was relevant and admissible to show his knowledge of the presence of the drug, and his intent to possess it. *See State v. Mosley,* 119 Ariz. 393, 581 P.2d 238 (1978) (wherein Supreme Court of Arizona held, in face of prior bad act challenge, evidence of "track marks" on defendants' arms, and resulting inference of prior narcotic use by injection, was admissible where defense advanced theory that drugs found in defendant's presence were under the dominion and control of

another, as the evidence was relevant and admissible to show defendant's knowledge, as well as his intent to possess the drugs). Accordingly, we find no error in the admission of this evidence.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

GOOLSBY and STILWELL, JJ., concur.