SCREENING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED 
 OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
 THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Stoney Burrows,       
Appellant.
 
 
 

Appeal From Williamsburg County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2004-UP-222
Submitted January 29, 2004  Filed March 
 30, 2004

REVERSED

 
 
 
Deputy Chief Attorney Robert M. Pachak, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Special Assistant Attorney Amie L. Clifford, all of 
 Columbia; and Solicitor C. Kelly Jackson, of Sumter, for Respondent.
 
 
 

 PER CURIAM: Stoney Burrows 
 was indicted for assault and battery with intent to kill (ABWIK).  He was 
 convicted of the lesser-included offense of assault and battery of a high and 
 aggravated nature (ABHAN).  Burrows was sentenced to ten years imprisonment, 
 suspended on the service of six years imprisonment and three years probation.  
 Burrows appeals, arguing the circuit court erred by admitting his prior conviction 
 for ABWIK.  We reverse.
FACTUAL/PROCEDURAL BACKGROUND
Burrows was indicted for ABWIK.  At trial, the 
 States case consisted of the testimony of one witness, Steven Hemingway.  Hemingway 
 testified that on the night of the altercation, Burrows instigated the fight 
 inside the bar.  Hemingway testified that once he was outside the bar Burrows 
 ran into him with a vehicle before hitting him repeatedly with a two-by-four 
 board. 
Hemingway admitted that he had been drinking the 
 night the altercation took place.  He also testified he had been displeased 
 with Burrows over an incident that happened at his house two weeks prior to 
 the altercation. 
On cross-examination, Burrows elicited testimony 
 that Hemingway was the larger of the two men, weighing at least fifty pounds 
 more than Burrows. 
Prior to Burrows taking the stand, the State sought 
 to admit several of Burrows prior convictions for impeachment purposes.  Burrows 
 objected to the admission of his conviction for ABWIK.  The circuit court allowed 
 the conviction into evidence for impeachment purposes, stating that because 
 Burrows was physically smaller than the victim in the prior conviction it was 
 probative of the issue of relative size raised in this case. 
Burrows testified Hemingway began the altercation 
 inside the bar, hitting Burrows across the face with the board.  Burrows explained 
 he attempted to leave in his vehicle but Hemingway swung the board through his 
 window and broke his mirror.  Burrows testified he did not start the vehicle 
 during the altercation so he could not have hit Hemingway with the vehicle. 

During cross-examination, the State established 
 that Burrows had been convicted of ABWIK on a previous occasion and that he 
 had been smaller than the victim in that case. 
Burrows was convicted of the lesser-included offense 
 of ABHAN.  Burrows was sentenced to ten years imprisonment, suspended on the 
 service of six years imprisonment and three years probation.  Burrows appeals.
STANDARD OF REVIEW
Admission of evidence falls within the 
 circuit courts discretion and will not be disturbed on appeal absent abuse 
 of that discretion. State v. Shuler, 353 S.C. 176, 184, 577 S.E.2d 438, 
 442 (2003).  An abuse of discretion occurs when the trial courts ruling is 
 based on an error of law. State v. Foster, 354 S.C. 614, 621, 582 S.E.2d 
 426, 429 (2003).
DISCUSSION
Burrows argues the circuit court erred by admitting 
 his prior conviction of ABWIK for impeachment purposes because the circuit court 
 failed to correctly apply the factors in State v. Colf, 337 S.C. 622, 
 525 S.E.2d 246 (2000).  We agree.
Rule 609(a)(1), SCRE, requires the circuit court 
 to balance the probative value of the evidence for impeachment purposes against 
 the prejudice to the accused.
In determining whether the probative value of a 
 prior conviction outweighs its prejudicial effect, a circuit court should consider 
 the following factors: 1. [t]he impeachment value of the prior crime; 2. [t]he 
 point in time of the conviction and the witnesss subsequent history; 3. [t]he 
 similarity between the past crime and the charged crime; 4. [t]he importance 
 of the defendants testimony; 5. [t]he centrality of the credibility issue. 
 Colf, 337 S.C. at 627, 525 S.E.2d at 248; State v. Martin, 347 
 S.C. 522, 530, 556 S.E.2d 706, 710 (Ct. App. 2001) ([T]his court has implicitly 
 recognized the value of these [Colf] factors in making such a determination 
 under Rule 609(a)(1).).
The State sought to admit Burrows prior conviction 
 for ABWIK, arguing it would indicate to the jury that this defendant is not 
 only capable but willing . . . [to commit] a crime of this nature . . . [and 
 it] would clearly indicate to the jury that [the disparity in] size isnt necessarily 
 a factor here given that the defendant is predisposed to such crimes.  Burrows 
 argued that the reasons given by the State were the precise reasons the conviction 
 should not be admitted.  The circuit court found the conviction was admissible 
 because the conviction was for an assault of a person of larger stature than 
 Burrows, and the disparity in size between Burrows and Hemingway had been raised 
 in this case. 
[W]hen the prior offense is similar to the offense 
 for which the defendant is on trial, the danger of unfair prejudice to the defendant 
 from impeachment by that prior offense weighs against its admission.  State 
 v. Dunlap, 353 S.C. 539, 542, 579 S.E.2d 318, 320 (2003).  A prior conviction 
 is inadmissible to show the defendant acted in conformity with his prior convictions. 
  State v. Cheatham, 349 S.C. 101, 108-09, 561 S.E.2d 618, 622 
 (Ct. App. 2002). 
In making its determination, the circuit court failed 
 to correctly apply the Colf factors.  The circuit courts ruling was 
 based on one of the Colf factors, [t]he similarity between the past 
 crime and the crime charged. Colf, 337 S.C. at 627, 525 S.E.2d at 248.  
 However, instead of displaying concern about the similarity between the prior 
 conviction and the alleged crime, the circuit court made this similarity the 
 basis for its decision.  Specifically, the circuit court found the conviction 
 was admissible for the purpose of establishing Burrows propensity to attack 
 victims larger than himself. We hold this was error. Id. at 628, 525 
 S.E.2d at 249 (The trial judge here erred in treating the prior crimes as if 
 their similarity heightened their probative value when it actually increased 
 their prejudicial effect.).
Further, the error was not harmless because the competent 
 evidence put forth to convict Burrows did not conclusively prove his guilt.  
 State v. Livingstone, 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984) ([W]here 
 guilt is conclusively proven by competent evidence and no rational conclusion 
 can be reached other than the accused is guilty, a conviction will not be set 
 aside because of insubstantial errors not affecting the result.).  Hemingway 
 was the only witness to testify for the State.  He admitted to having two or 
 three beers on the night of the altercation and to being displeased with Burrows 
 over an incident that happened at Hemingways house two weeks prior to the altercation.  
 Hemingway testified Burrows instigated the fight inside the bar.  He testified 
 that once he was outside the bar Burrows ran into him with a vehicle and hit 
 him with the board.  However, Burrows testified Hemingway began the fight.  
 Burrows testified he did not drive into Hemingway with his vehicle and he only 
 hit Hemingway in response to Hemingways physically aggressive behavior.  The 
 State did not call the owner of the bar, a person who could have testified as 
 to who started the altercation.  The State also chose not to call an individual 
 who helped break up the fight, a person who could have testified as to whether 
 Hemingway had been hit by a vehicle.
Under these circumstances, we cannot hold beyond a 
 reasonable doubt that the affirmative answer to the States question regarding 
 Burrows prior conviction for ABWIK, the same crime for which he was accused 
 in this trial, did not irreparably damage Burrows credibility in each jurors 
 mind. Because the circuit court erred by allowing the prior conviction for ABWIK 
 to be use for impeachment purposes, and Burrows was prejudiced by that error, 
 we reverse. State v. Harvey, 275 S.C. 225, 227, 268 S.E.2d 587, 588 (1980) 
 (holding prejudicial error is grounds for reversal).
CONCLUSION
For the foregoing reasons, Burrows conviction is
REVERSED.
GOOLSBY, HOWARD, and KITTREDGE,
JJ., concurring.