THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Jason Ervin
 Black, Appellant.
 
 
 
 
 

Appeal From Pickens County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2010-UP-370
Heard April 13, 2010  Filed July 19, 2010

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney
 General Salley W. Elliott, and Assistant Attorney General Michelle J. Parsons,
 all of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Jason
 Ervin Black was convicted of criminal sexual conduct (CSC) with a minor in the
 first degree and lewd act upon a minor.  Black received twenty years'
 imprisonment for CSC and fifteen years' imprisonment for the lewd act offense,
 to run concurrently.  On appeal, Black argues the trial court erred in allowing
 the State to impeach Black's corroborating witness with two manslaughter
 convictions over ten years old.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: Rule 609(a)(1), SCRE (allowing, for impeachment purposes,
 admission of evidence that a witness other than an accused has been convicted
 of a crime punishable by imprisonment in excess of one year, but with the
 proviso that such evidence may be excluded under Rule 403, SCRE); Rule 609(b),
 SCRE (prohibiting the admission of evidence of a conviction to impeach a
 witness if more than ten years has elapsed since the later of the date of the conviction
 or the date of the release of the witness from the confinement imposed for that
 conviction "unless the court determines, in the interests of justice, that the probative value of the conviction supported
 by specific facts and circumstances substantially outweighs its prejudicial
 effect"); State v. Colf, 337 S.C. 622, 629, 525 S.E.2d 246, 249
 (2000) ("The balancing test required by Rule 609(b) must be conducted by
 the trial court."); State v. Smith, 337 S.C. 27, 33-34, 522 S.E.2d
 598, 601 (1999) (upholding the disclosure to the jury of the defendant's prior
 domestic violence conviction in a trial on charges of murder and assault and
 battery with intent to kill, concluding the probative value of the prior
 conviction was not outweighed by unfair prejudice and the trial judge did not
 abuse his discretion in admitting it).
AFFIRMED.  
HUFF, WILLIAMS, and THOMAS,
 JJ., concur.