**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ayree Henderson, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2010-167027

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-122
Heard November 14, 2013 – Filed March 19, 2014

**AFFIRMED**

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Mary Shannon Williams, all of
Columbia, and Assistant Attorney General Tyson A.
Johnson, Sr., of Saluda, for Petitioner.

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Respondent.

**PER CURIAM:**  The State of South Carolina appeals the granting of post-conviction relief to Ayree Henderson, arguing the PCR court erred in finding a prior conviction for accessory after the fact of murder was prejudicial and was not a crime of dishonesty under Rule 609(a)(2), SCRE.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to ineffective counsel:  *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (stating to prove trial counsel was ineffective, the defendant must show (1) trial counsel's performance was deficient and (2) the deficiency prejudiced the defendant).

2   As to finding prior conviction for accessory after the fact of murder was not a crime of dishonesty:  *Brown v. State*, 375 S.C. 464, 469, 652 S.E.2d 765, 768 (Ct. App. 2007) (stating "[t]his court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law").

3. As to finding prior conviction was prejudicial:  *State v. Martin*, 347 S.C. 522, 530, 556 S.E.2d 706, 710 (Ct. App. 2001) (stating "Rule 609(a)(1)[, SCRE,] requires the trial [court] to balance the probative value of the evidence for impeachment purposes against the prejudice to the accused"); *State v. Bryant*, 369 S.C. 511, 517-18, 633 S.E.2d 152, 156 (2006) (stating "we note that when the prior offense is similar to the offense for which the defendant is on trial, the danger of unfair prejudice to the defendant from impeachment by that prior offense weighs against its admission").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**