**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aaliyah Smith, Appellant,

v.

Scott Carr, Respondent.

Appellate Case No. 2016-000872

———————

Appeal From Spartanburg County
Thomas L. Hughston, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-358
Submitted June 1, 2018 – Filed August 22, 2018

———————

**AFFIRMED**

———————

Charles J. Hodge, and Timothy Ryan Langley, both of Hodge & Langley Law Firm, PC, of Spartanburg, for Appellant.

Michael T. Coulter, of Clarkson, Walsh & Coulter, P.A., of Greenville, for Respondent.

———————

**PER CURIAM:** Aaliyah Smith appeals the trial court's order, arguing the court erred in failing to (1) allow the use of Scott Carr's pleadings at trial and (2) admit Carr's felony criminal history into evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether Smith should have been able to introduce evidence of Carr's denial of liability in his answer: *Lucht v. Youngblood*, 266 S.C. 127, 134, 221 S.E.2d 854, 858 (1976) ("Generally, the prior pleadings in an action may be received in evidence against the pleader."); *Johnson v. Sam English Grading, Inc.*, 412 S.C. 433, 448, 772 S.E.2d 544, 551 (Ct. App. 2015) ("The trial court has broad discretion in the admission or rejection of evidence and will not be overturned unless it abuses that discretion." (quoting *Davis v. Traylor*, 340 S.C. 150, 157, 530 S.E.2d 385, 388 (Ct. App. 2000))); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support." (quoting *Menne v. Keowee Key Prop. Owners' Ass'n, Inc.*, 368 S.C. 557, 568, 629 S.E.2d 690, 696 (Ct. App. 2006))); *id.* at 448, 772 S.E.2d at 552.  ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice." (quoting *Conway v. Charleston Lincoln Mercury Inc.*, 363 S.C. 301, 307, 609 S.E.2d 838, 842 (Ct. App. 2005))); *id.* ("The trial court has wide discretion in determining the relevancy of evidence."); *id.* ("Evidence is relevant and admissible if it tends to establish or make more or less probable some matter in issue." (quoting *Johnson v. Horry Cty. Solid Waste Auth.*, 389 S.C. 528, 534, 698 S.E.2d 835, 838 (Ct. App. 2010))).

2.     As to whether Smith should have been allowed to admit Carr's previous felony driving under the influence conviction in order to show untruthfulness: Rule 608(b), SCRE ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness . . . ."); Rule 609(b), SCRE ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."); *State v. Black*, 400 S.C. 10, 18, 732 S.E.2d 880, 885 (2012) ("Rule 609(b), however, contains a time limit that establishes a presumption against the admissibility of remote convictions, i.e., those more than ten years old, for impeachment unless the trial court expressly finds the probative value of the conviction 'substantially outweighs' its prejudicial effect." (quoting *State v. Johnson*, 363 S.C. 53, 57, 609 S.E.2d 520, 522 (2005))); *id*. at 19, 732 S.E.2d at 885 ("This [c]ourt has stated that federal cases are persuasive since our

rule is based on the federal rule, and we have noted that '[t]he Fourth Circuit has explicitly held that evidence of remote convictions should only be admitted for impeachment purposes "in exceptional circumstances."'" (second alteration by court) (quoting *State v. Colf*, 337 S.C. 622, 626, 525 S.E.2d 246, 248 (2000))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.