**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jonathan William Ray, Appellant.

Appellate Case No. 2019-001743

———————

Appeal From Kershaw County
G. Thomas Cooper, Jr., Trial Judge

———————

Unpublished Opinion No. 2022-UP-076
Submitted February 8, 2022 – Filed February 16, 2022

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Jonathan Scott Matthews, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Jonathan William Ray appeals his conviction and eight-year sentence for second-degree criminal sexual conduct (CSC) with a minor arising out of the rape of a thirteen-year-old girl (Minor) in May 2017. On appeal, Ray argues the trial court abused its discretion in admitting evidence of his prior convictions

for breaking and entering automobiles without engaging in the balancing test set forth in *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000).

We recognize the trial court erred in admitting evidence of Ray's prior convictions without performing an on-the-record analysis of whether the probative value of the convictions outweighed their prejudicial effect;[1] however, we affirm because the trial court's error was harmless. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice."). Here, Minor's forensic medical exam found two tears in her hymen which where "highly suspicious" for "sexual contact or trauma," and Minor's STD screen in April 2018 revealed she had contracted chlamydia, for which Ray tested positive in August 2017. Additionally, in order to try to refute Minor's timeline of events, Ray impeached his own credibility by admitting to criminal conduct and testifying he was arrested for breach of peace—at the residence where the sexual assault took place—in May 2017.

Accordingly, we find the trial court's error in admitting Ray's previous convictions was harmless in light of the physical evidence of Ray's guilt and because it was cumulative for impeachment purposes. *See State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006) ("[A]n insubstantial error not affecting the result of the trial is harmless where a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached."); *State v. McLeod*, 362 S.C. 73, 82-83, 606 S.E.2d 215, 220 (Ct. App. 2004) ("The admission of improper evidence is harmless where the evidence is merely cumulative to other evidence.").

---

[1] *See Colf*, 337 S.C. at 627, 525 S.E.2d at 248 (explaining the factors trial courts should weigh in determining whether to admit evidence of a defendant's prior convictions); *State v. Robinson*, 426 S.C. 579, 595, 828 S.E.2d 203, 211 (2019) ("[U]nder Rule 609(a)(1) [of the South Carolina Rules of Evidence], if the witness is the accused and has a prior conviction of a crime punishable by death or imprisonment for more than one year, the trial court must balance the *Colf* factors and determine whether the probative value of the conviction outweighs its prejudicial effect to the accused."); *State v. Black*, 400 S.C. 10, 19, 732 S.E.2d 880, 885 (2012) (holding that when performing the *Colf* balancing test, the trial court should "articulat[e] for the record the specific facts and circumstances supporting its decision . . . .[,]" and "must state not only whether the probative value of the prior conviction substantially outweighs the prejudicial effect, but also *why*").

**AFFIRMED.** [2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.