**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darryl Eugene Coleman, Appellant.

Appellate Case No. 2019-000936

Appeal From Fairfield County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2022-UP-156
Submitted January 1, 2022 – Filed April 6, 2022

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

**PER CURIAM:** Darryl Eugene Coleman appeals his conviction for second-degree criminal sexual conduct with a minor and his sentence of twelve years' imprisonment, arguing the trial court abused its discretion by (1) excluding

evidence of the victim's prior conviction for possession with intent to distribute (PWID) cocaine base from trial and (2) considering the victim when it denied his motion to dismiss the indictment for violation of his right to a speedy trial. We affirm.

1. We find the trial court did not abuse its discretion by excluding evidence of the victim's prior conviction. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 609(a)(1), SCRE (stating a witness's prior conviction is admissible for impeachment purposes subject to Rule 403, SCRE); Rule 403, SCRE (providing that relevant evidence may be excluded from trial "if its probative value is substantially outweighed by the danger of unfair prejudice"); *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000) (providing the trial court should consider the following factors to determine the admissibility of a witness's prior convictions for the purpose of impeachment: (1) the impeachment value of the prior conviction, (2) the timing of the prior conviction, (3) the similarity between the prior conviction and the charged crime, (4) the importance of the defendant's testimony, and (5) whether credibility is a central issue in the case); *State v. Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006) ("Violations of narcotics laws are generally not probative of truthfulness."); *State v. Robinson*, 426 S.C. 579, 600, 828 S.E.2d 203, 214 (2019) (stating a "closeness in time" between the witness's prior conviction and trial "evoked questions of [the witness]'s credibility"); *State v. Black*, 400 S.C. 10, 19, 732 S.E.2d 880, 885 (2012) (declining to consider the third and fourth *Colf* factors when the witness at issue is not the defendant).

Additionally, we find any error by the trial court in excluding evidence of the victim's prior conviction was harmless because the DNA evidence presented at trial of Coleman's semen on the victim's pants was overwhelming evidence of his guilt. *See Pagan*, 369 S.C. at 212, 631 S.E.2d at 267 ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Byers*, 392 S.C. 438, 447, 710 S.E.2d 55, 60 (2011) ("Where 'guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached,' an insubstantial error that does not affect the result of the trial is considered harmless." (quoting *Pagan*, 369 S.C. at 212, 631 S.E.2d at 267)); *Smalls v. State*, 422 S.C. 174, 191, 810 S.E.2d 836, 845 (2018) (stating evidence of a defendant's guilt is "overwhelming" when it includes "something conclusive, such as . . . DNA evidence demonstrating guilt"); *Hutto v. State*, 387 S.C. 244, 247, 249, 692 S.E.2d 196, 197-98 (2010) (finding the victim's identification of the defendant and evidence of the defendant's DNA at the crime scene constituted

overwhelming evidence the defendant was guilty of first-degree criminal sexual conduct, first-degree burglary, and armed robbery).

2. We find whether the trial court abused its discretion by considering the victim when it denied Coleman's motion to dismiss the indictment is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**WILLIAMS**, **C.J.**, **MCDONALD**, **J.**, **and LOCKEMY**, **A.J.**, **concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.