**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Randolph Henry, Appellant.

Appellate Case No. 2020-001404

———————

Appeal From Lexington County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-227
Submitted May 1, 2023 – Filed June 7, 2023

———————

**AFFIRMED**

———————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Senior Assistant Deputy Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:**  Joseph Randolph Henry appeals his convictions for murder and possession of a weapon during the commission of a violent crime and his aggregate sentence of forty years' imprisonment.  On appeal, Henry argues the trial court erred in refusing to allow him to impeach one of the State's witnesses with a remote prior conviction for a crime of dishonesty.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court conducted an adequate on-the-record analysis when determining whether to allow Henry to use the prior conviction for impeachment because the court weighed the probative value of the conviction against its prejudicial effect and discussed the specific facts and circumstances of the conviction.  *See State v. Robinson*, 426 S.C. 579, 591, 828 S.E.2d 203, 209 (2019) ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court's] discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law." (quoting *State v. Dunlap*, 346 S.C. 312, 324, 550 S.E.2d 889, 896 (Ct. App. 2001) (alteration in original))); *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000) (stating a trial court should consider the following non-exhaustive list of factors when determining whether to admit evidence of a prior conviction: (1) "[t]he impeachment value of the prior crime," (2) "[t]he point in time of the conviction and the witness's subsequent history," (3) "[t]he similarity between the past crime and the charged crime," (4) "[t]he importance of the defendant's testimony," and (5) "[t]he centrality of the credibility issue").  We also hold the trial court did not abuse its discretion in refusing to allow Henry to use the prior conviction for impeachment because Henry failed to (1) illustrate how the facts and circumstances warranted the introduction of the remote conviction; (2) show the probative value of the conviction substantially outweighed the prejudicial effect of its admission; and (3) provide sufficient advance written notice of his intent to use the remote conviction.  *See Robinson*, 426 S.C. at 591, 828 S.E.2d at 209 ("The admission of evidence concerning past convictions for impeachment purposes remains within the trial [court's] discretion, provided the [trial court] conducts the analysis mandated by the evidence rules and case law." (quoting *Dunlap*, 346 S.C. at 324, 550 S.E.2d at 896  (alteration in original))); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 609(a)(2), SCRE ("For the purpose of attacking the credibility of a witness, . . . evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."); Rule 609(b), SCRE ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed . . . unless the court

determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."); *Robinson*, 426 S.C. at 595, 828 S.E.2d at 211 (holding the proponent of evidence under Rule 609(b) has the burden of establishing its admissibility and "if the conviction is a 'remote' conviction (even a conviction of a crime involving dishonesty or false statement under Rule 609(a)(2)), the trial court must balance the *Colf* factors and determine whether the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"); Rule 609(b), SCRE ("[E]vidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.