**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Chase Michael Milam, Appellant.

Appellate Case No. 2021-001490

―――――――――

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-002
Submitted November 13, 2023 – Filed January 3, 2024

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, Senior Assistant Attorney General Mark Reynolds Farthing, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Chase Michael Milam appeals his conviction for second-degree burglary and sentence of seven years' imprisonment. On appeal, Milam argues the

trial court erred by admitting Milam's prior convictions for petit larceny and shoplifting as crimes of dishonesty and failing to conduct the on-the-record balancing test required by *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000), which would have shown that the unfair prejudice of admitting the prior convictions outweighed any probative value. We affirm pursuant to Rule 220(b), SCACR.

We find this issue is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."). The trial court admitted Milam's convictions for shoplifting and petit larceny for the purposes of attacking Milam's credibility, finding they were crimes involving dishonesty and the offenses' prejudicial effect did not outweigh their probative value. Although Milam challenged the admissibility of his prior convictions based on Rule 609(a)(1), SCRE, he did not argue to the trial court that his convictions were not crimes of dishonesty under Rule 609(a)(2), SCRE; thus, Milam failed to preserve this issue.

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.