0748

LITCHFIELD COMPANY OF SOUTH CAROLINA, INC., Respondent v.
SUR-TECH, INC., Appellant.

(345 S. E. (2d) 765)

Court of Appeals

*Dennis H. Smith*, of *Joseph, Harris, Hanna & Corbett*, Surfside Beach, *for appellant.*

*Kenneth W. Thornton, Jr.*, Georgetown, *for respondent.*

Heard April 17, 1986.

Decided July 7, 1986.

SANDERS, Chief Judge:

An airplane owned by respondent Litchfield Company of South Carolina, Inc. and operated by one of its employees was damaged when it struck a surveying tripod left on a runway by employees of Sur-Tech, Inc. Litchfield brought this action against Sur-Tech seeking to recover actual and punitive damages. The jury returned a verdict for actual damages. We affirm.

## I

We first address the argument of Sur-Tech that the trial judge erred in striking its defense of assumption of risk.

In its answer, Sur-Tech alleges Litchfield assumed the risk of damage to its plane by using an unlighted runway instead of waiting until a lighted runway was available and further alleges Litchfield was contributorily negligent for the same reason. Based on the evidence presented at trial, the trial judge submitted the defense of contributory negligence to the jury but struck the defense of assumption of risk from the answer and refused to charge the jury on this defense.

Under the defense of contributory negligence, if the negligence of a plaintiff contributed to his damages, he is barred from recovering against a defendant guilty of even greater negligence. *Langley v. Boyter*, 284 S. C. 162, 325 S. E. (2d) 550 (Ct. App. 1984), *rev'd on other grounds*, 286 S. C. 85, 332 S. E. (2d) 100 (1985). In order for the defense of assumption of risk to apply, a plaintiff must have freely and voluntarily exposed himself to a known danger, which he understood and appreciated. *Easler v. Hejaz Temple A.A.O.N.M.S.*, 285 S. C. 348, 329 S. E. (2d) 753 (1985). The traditionally recognized distinction between the two defenses is that the former is a matter of some fault or departure from the standard of conduct of a reasonable person, while the latter is a matter of knowledge of a danger and voluntary acquiescence in it. W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on The Law of Torts* § 68, at 482 (5th ed. 1984).

In some cases, a plaintiff may be acting reasonably in assuming a risk and thus not be negligent because the risk he assumes is outweighed by the advantage of his conduct. For example, if a plaintiff dashed into a fire because it was necessary to save his child, it might be argued that he assumed the risk of being injured but it could scarcely be argued that he acted unreasonably under the circumstances.

In other cases, the conduct of a plaintiff in assuming a risk may itself be unreasonable and thus negligent because the risk he assumes is out of all proportion to the advantage which he is seeking to gain. For example, if a plaintiff dashed into a fire in order to save his hat, it might well be argued that he both assumed the risk of being injured and that he acted unreasonably. In such cases, a defendant can maintain both defenses. *See, e.g., Kirkland v. Peoples Gas Co.*, 269 S. C. 431, 237 S. E. (2d) 772 (1977). However, the instant case is not such a case.

In *Kirkland*, the plaintiff was injured by an explosion which occurred when he entered a building where natural gas was leaking, smelled an offensive odor and struck a match intending to dispel it by lighting an incense candle. He conceded there was evidence of his negligence. There was obviously evidence he knew of the danger presented by the leaking gas from having smelled its odor since the odor was what prompted him to strike the match. Therefore, the

Court properly held there was evidence the plaintiff both assumed the risk of an injury by exposing himself to a known danger and was contributorily negligent.

In the instant case, there was no evidence the plaintiff knew of the danger presented by the surveying tripod having been left on the runway. Therefore, this is a case where the defense of assumption of risk does not apply.

If we were to hold there was evidence Litchfield assumed the risk of damage to its plane by using an unlighted runway and was contributorily negligent for the same reason, this would amount to holding there is no distinction between the two defenses. A defendant could then maintain the defense of assumption of risk in every case where there was evidence the plaintiff was negligent. For example, where there was evidence a plaintiff had been driving over the speed limit, the defendant could maintain the plaintiff was both contributorily negligent and assumed the risk of an injury by having done so.

Based on these principles of law, we conclude the trial judge properly struck the defense of assumption of risk in this case.

## II

We next address the arguments of Sur-Tech that the trial judge abused his discretion in two respects during the course of the trial.

## A

Sur-Tech attempted to introduce in evidence the deposition of one of the airport operators on duty at the time of the accident. The trial judge refused to admit the deposition on the ground that Sur-Tech had not listed the airport operator as a witness by answering the interrogatories required by Rule 90 of the Rules of Practice for the Circuit Courts (now S.C.R. Civ. P. 33).

Rule 90 was adopted to require the disclosure of the essential elements of cases so that the outcome of trials would be the result of full examinations of all relevant facts and issues rather than surprise by the introduction of unexpected testimony. *McGaha v. Mosley*, 283 S. C. 268, 322 S. E.

(2d) 461 (Ct. App. 1984). To encourage compliance with the rule, the trial judge can impose sanctions on a party who violates it, including the exclusion of a witness who has not been listed as required. *Id.* Before so ruling, the trial judge should consider the type of witness involved, the content of his evidence, the nature of the failure, neglect or refusal to furnish his name and the degree of surprise to the other party, including any prior knowledge of the name by the other party. *Moran v. Jones*, 281 S. C. 270, 315 S. E. (2d) 136 (Ct. App. 1984). The exclusion of evidence is addressed to the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a showing that he abused his discretion, committed legal error in its exercise and prejudiced the rights of a party. *Hook v. Rothstein*, 281 S. C. 541, 316 S. E. (2d) 690 (Ct. App. 1984), *cert. denied*, 283 S. C. 64, 320 S. E. (2d) 35 (1984).

We conclude from our review of the record that the trial judge properly considered the factors relevant to his ruling before making it and did not abuse his discretion in excluding the deposition of the witness pursuant to Rule 90. Moreover, we discern no prejudice to Sur-Tech by the exclusion inasmuch as the record reveals testimony of other witnesses, including another airport operator, which is essentially the same as the relevant testimony contained in the excluded deposition.

The trial judge also excluded the deposition of the witness on the ground that Sur-Tech had not made a sufficient showing of his unavailability to testify in person as required by Circuit Court Rule 87 (now S.C.R. Civ. P. 32). In view of our ruling that the trial judge did not abuse his discretion in excluding the deposition pursuant to Rule 90 and Sur-Tech was not prejudiced by the exclusion, it is unnecessary for us to consider whether he was correct in excluding the deposition pursuant to Rule 87.

B

In its complaint as first drafted, Litchfield prayed for $20,000 actual damages. Litchfield presented evidence at trial that it had sustained actual damages in excess of this amount. At the close of its evidence, the trial judge permitted Litchfield to amend its complaint so as to pray for

$50,000 actual and punitive damages. The jury returned a verdict for actual damages in the amount of $22,000.

The trial judge has wide latitude in allowing the amendment of a complaint to conform the pleading to the evidence and, while this power should not be exercised indiscriminately or to surprise or prejudice an opposing party, the matter of allowing an amendment is left to his sound discretion and his ruling will not be overturned on appeal absent an abuse of discretion or manifest injustice. *Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 314 S. E. (2d) 354 (Ct. App. 1984).

We conclude that the trial judge did not act indiscriminately or so as to surprise or prejudice Sur-Tech in allowing Litchfield to amend its complaint to conform the pleading to the evidence and did not abuse his discretion or cause a manifest injustice in doing so.

Since the jury returned a verdict for actual damages only, it is unnecessary for us to consider whether the trial judge was correct in allowing the prayer to be amended so as to pray for punitive damages.

### III

We finally address the arguments of Sur-Tech that the trial judge erred in charging the jury as to a mathematical error made by the lawyer for Litchfield during his closing argument and in incorrectly stating to the jury a stipulation entered into by the parties.

### A

Litchfield presented evidence at trial that it had sustained actual damages totaling $35,100, but its lawyer misstated the amount to be $34,000 in his closing argument. The error came about as a result of the lawyer having incorrectly added the figures representing the various elements of damages.

The trial judge charged the jury as follows:

> Madam Foreman and ladies and gentlemen of the jury, just one short thing, I would advise you that in regard to the amount of actual damages claimed by the plaintiff, the amount that they are alleging is $35,100 actual damages. You should not take this instruction by

me to be any indication as to which party should prevail in the case. It's not given as that. It's simply done to correct the error by the attorney, Mr. Thornton, with regard to the addition as to those amounts. As far as the jury is concerned on damages, if you should decide that the plaintiff is entitled to recover, the jury can give any amount from $1 actual damages to the $35,100 actual damages, anywhere in there if you find actual damages should be recovered. The plaintiff is also seeking punitive damages, in regard to that issue, if you find they are entitled to that, they could only receive a maximum of $14,900 in punitive damages. Again, I repeat, however, these subsequent instructions are not to be considered by you as any indication whatsoever in regard to which party would prevail for that's solely up to you.

Our constitution prohibits a judge from charging a jury in respect to matters of fact. S. C. Const. art. V, § 21. Even if a charge is erroneous, prejudice must be shown to require reversal. *Smith v. Winningham*, 252 S. C. 462, 166 S. E. (2d) 825 (1969).

The charge of the trial judge here was technically a charge on the facts, but we conclude Sur-Tech was not prejudiced by it. We reach this conclusion based on the language of the charge and the verdict returned by the jury for actual damages in the amount of $22,000. The trial judge was careful to tell the jury that what he had said should not be taken to indicate which party should win the case. He was also careful to tell the jury that the amount of the verdict was for it to decide. The verdict which the jury returned was less than either the amount stated by the lawyer for Litchfield in his closing argument or the amount stated by the judge in his charge.

B

During the course of its deliberations, the jury returned to the courtroom and asked "if the pilot had his lights on and how far you could see, the visibility distance." The trial judge informed the jury that he could not answer any questions concerning the facts of the case. The jury retired to continue its deliberations. The trial judge

then asked the lawyers for the parties whether they could stipulate to facts in answer to the question of the jury. The lawyers clearly stipulated on behalf of their respective clients that the lights on the airplane were on. The trial judge called the jury back to the courtroom and informed it of the stipulation. After the jury had returned again to its deliberations, counsel for Sur-Tech advised the Court it was his understanding "that part of the stipulation was the visibility was also clear." The lawyer for Litchfield declined to agree to this stipulation and the trial judge refused to advise the jury further as to the stipulation.

We conclude from our review of the record that the trial judge correctly informed the jury of the only stipulation clearly entered into by the parties.

For these reasons, the judgment of the Circuit Court is

Affirmed.

SHAW and BELL, JJ., concur..