654 S.E.2d 297

**The STATE, Respondent,**

v.

**David SWAFFORD, Appellant.**

**No. 4318.**

Court of Appeals of South Carolina.

Heard Oct. 11, 2007.

Decided Nov. 30, 2007.

---

6. We decide this case without oral argument pursuant to Rule 215, SCACR.

638

Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondents.

STILWELL, J.:

David Swafford appeals his convictions for felony driving under the influence resulting in death and leaving the scene of an accident resulting in death. We affirm.

## FACTS

In January of 2003, Karen Reid died at the scene of a car accident. Officers from the South Carolina Highway Patrol and the Pickens County Sheriff's Department found her van on the side of the road at the intersection of Highway 135 and Banks Road in Pickens County. The van appeared to have rolled at least once. Reid was thrown from and crushed under the van. According to Officer Dale Marshall, the highway patrol received a call about the accident at approximately 3:35 p.m.

At the scene, officers received information that a truck had spun out in someone's yard. The officers located Swafford's truck, which appeared to have been involved in the accident. The officers found Swafford a short distance from the truck. Swafford allegedly smelled of alcohol, acted intoxicated, and told them he had been alone in the truck. According to breathalyzer test results, Swafford's blood alcohol level was .14 percent. At the police station, Swafford made a statement indicating he found out that day that his daughter had been raped, he drank for the first time in eight years, and all he remembers is waking up in the woods after the accident.

Anthony Smith, a cable television contractor, testified he was working nearby at the time of the accident and witnessed the truck "smoking like crazy on the front end." Several hours later at the police station, Smith identified Swafford as the driver. Charles Patterson testified he was at his home at the time of the accident. He heard squealing tires and looked out his window to see the truck spinning through the neighbor's yard. He recognized Swafford, whom he knew as the

driver. Patterson testified he drove to the accident scene. On the way, he saw his neighbor, Jerry Gillespie, walking in the area and picked him up. Carol Balent witnessed the accident and identified the driver of the truck as having "long stringy, like dirty blonde hair."

At trial, Swafford attempted to introduce third-party guilt evidence indicating Gillespie was driving the truck at the time of the accident. Carol Johnson testified in camera that she is a school bus driver for Pickens County. Johnson alleges she knows Swafford and saw him about 12:30 p.m. the day of the accident in the passenger side of the truck at a stop sign. She described the driver as "a person ... that had long dirty blonde hair." She identified Gillespie in court as the driver. Brian Bobo also testified in camera alleging Gillespie was his best friend and told him the evening of the accident that he had been driving Swafford's truck and had been involved in a bad accident. Gillespie allegedly drove the truck away from the scene and then fled on foot. Robert Nealy, an investigator with the solicitor's office, testified in camera that a third witness, Greg Townsend, also claimed Gillespie admitted driving the truck at the time of the accident. Townsend later told Nealy he was not sure who told him Gillespie was driving. Townsend failed to appear in court the day of trial.

Gillespie testified in camera, denying involvement in the accident. He claimed he was at home when he heard a loud crash. He rode with Patterson to the scene of the accident. He denied telling Bobo or Townsend he had been driving the truck at the time of the accident.

## STANDARD OF REVIEW

■ "The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001).

## LAW/ANALYSIS

■ Swafford argues the trial court erred in excluding Gillespie's proffered evidence of Gillespie's guilt. We dis-

agree.[1]

South Carolina adopted the widely accepted rule regarding the admissibility of third-party guilt evidence in *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941). The rule states:

[E]vidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible ... [B]efore such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party.

*Gregory*, 198 S.C. at 104–05, 16 S.E.2d at 534–35 (internal citations omitted).

In *State v. Gay*[2] and *State v. Holmes*,[3] the South Carolina Supreme Court altered the rule in *Gregory* by considering the strength of the prosecutions case in determining whether to admit evidence of third-party guilt. *See Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 1733–34, 164 L.Ed.2d 503 (2006) (discussing these South Carolina cases). The United States Supreme Court vacated and remanded *State v. Holmes* and abrogated *State v. Gay*, explaining that weighing the strength of the prosecutions case is arbitrary and does not rationally serve the end that the *Gregory* rule was designed to promote. *Id.* In comparison, the *Gregory* rule requires the trial judge to consider the probative value or the potential adverse effects of admitting proffered third-party guilt evidence. *Id.*

This trial was conducted prior to the issuance of the United States Supreme Court's opinion in *Holmes*. Swafford argues

1. Contrary to the State's argument, we find the issue preserved for appellate review.

2. 343 S.C. 543, 541 S.E.2d 541 (2001), *abrogated by Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006).

3. 361 S.C. 333, 605 S.E.2d 19 (2004), *vacated and remanded, Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006).

the trial judge improperly excluded the third-party guilt evidence and improperly relied on *State v. Gay* and *State v. Holmes*. Swafford also argues the trial court erred in excluding the proffered testimony of hearsay statements made by Gillespie as they were exceptions to hearsay. We disagree.

The trial judge mentioned *State v. Gay* and *State v. Holmes* while considering the proffered testimony. He properly concluded, however, that "all these started with *State v. Gregory* ... that imposed strict limitations on the admissibility of third-party guilt." The trial judge compared the facts of this case to those in *State v. Cooper*, 334 S.C. 540, 514 S.E.2d 584 (1999). In *Cooper*, the defendant attempted to introduce testimony of a witness who allegedly overheard a third party telling a listener that she and two others murdered the victim. *Cooper*, 334 S.C. at 547, 514 S.E.2d at 588. The alleged listener denied the statement. *Id.* The third party also denied the statement. *Id.* Relying on *Gregory*, the supreme court affirmed the trial court's exclusion of the evidence of third-party guilt. *Id.* at 549–50, 514 S.E.2d 584, 514 S.E.2d at 589.

After a careful review of the proffered testimony and the judge's ruling, we find no unconstitutional reliance on *State v. Gay* or *State v. Holmes*. Johnson's testimony that she witnessed Swafford in the truck as a passenger several hours prior to the accident neither offers proof that he was a passenger at the time of the accident nor that Gillespie was the driver at either point in time. At best, Johnson's testimony raises the mere suspicion that Gillespie may have been driving an hour prior to the accident, but offers no reliable proof that he was driving at the time of the accident. In like vein, Townsend's alleged statements to Nealy were so inconsistent they raised merely a bare suspicion of Gillespie's guilt.

█ Finally, we find no error by the trial court in excluding Bobo's testimony. Bobo alleged Gillespie confessed to involvement in a bad accident in a telephone conversation with Bobo the night of this incident. Bobo could produce no support for his bare assertion that he telephoned Gillespie the night of the accident. He claimed he initiated the telephone call from the cellular telephone belonging to a "girl named Jade." Bobo knew neither her last name nor her telephone number.

The trial judge in this case considered *Cooper*, reiterated the rule in *Gregory*, and considered the weakness of the proffered evidence rather than improperly focusing on the strength of the State's case. We recognize this is a close case. However, based on our limited standard of review, we find no reversible error by the trial judge in excluding the proffered evidence.[4]

## CONCLUSION

For the foregoing reasons, Swafford's convictions are **AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.

---

4. We decline to address the hearsay issue as we find the trial court ultimately excluded the evidence based solely upon whether it met *Gregory*. *See Litchfield Co. of S.C., Inc. v. Sur–Tech, Inc.*, 289 S.C. 247, 251, 345 S.E.2d 765, 767 (Ct.App.1986) (finding it unnecessary to determine whether trial judge erred in excluding evidence on one ground where trial judge did not err in excluding the evidence on another ground).