682 S.E.2d 42

**The STATE, Respondent,**

v.

**Stacy Walter HOWARD, Appellant.**

**No. 4579.**

Court of Appeals of South Carolina.

Heard March 4, 2009.

Decided July 1, 2009.

Rehearing Denied Aug. 25, 2009.

---

1. At oral argument, Employers conceded the issue regarding the employment relationship at the time of the injury.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Asst. Deputy Atty. Gen. Christina J. Catoe, all of Columbia; and Solicitor John G. Hembree, of Conway, for Respondent.

LOCKEMY, J.

Stacy Howard appeals his conviction for assault and battery of a high and aggravated nature (ABHAN). Howard argues the trial court erred in: 1) declining to grant his motion for a mistrial; 2) refusing to recuse himself and interfering with Howard's presentation of a defense by wrongfully removing relevant testimony; 3) admitting irrelevant evidence; 4) admitting Howard's prior convictions into evidence; and 5) holding a probation revocation hearing and revoking Howard's probation without a warrant. We affirm in part, reverse in part, and remand.

## FACTS

A Georgetown County grand jury indicted Stacy Howard for ABHAN. During trial, Howard's former girlfriend testified he struck her during an argument in his truck. The victim's nose was broken in three places, and she underwent surgery for her injury. The victim initially lied to the hospital staff and to the police about how she was injured. She told the emergency room doctor she hit the dashboard when Howard slammed on the brakes. Howard was arrested after the victim felt safe enough to tell the police what really occurred the night of the incident. She testified Howard struck her twice with his fists. Howard testified the victim was out of control, and he unintentionally hit her while attempting to get a clear view of the road. He stated he was unsure whether his blow broke her nose or whether she hit the dashboard. Howard testified he and the victim had been drinking the day of the incident.

Howard was impeached with three prior ABHAN convictions. The trial court ruled Howard's convictions for ABHAN from November 1995, April 2004, and December 2004 were within the ten year rule and the probative value of their admission outweighed the prejudicial effect to Howard. Howard objected to the admission of his prior convictions on the ground the prejudicial nature of the convictions outweighed the probative value.

At the conclusion of trial, the jury found Howard guilty of ABHAN and the trial court sentenced Howard to eight years imprisonment. The trial court also found Howard's ABHAN

conviction violated the terms of two probationary sentences. Howard consented to have the two probation revocation hearings held at the same time immediately following the ABHAN sentencing. There, the trial court revoked Howard's first probation case consecutively for eight years and his second probation case consecutively for four and a half years. This appeal follows.

## STANDARD OF REVIEW

"A judge must exercise sound judicial discretion in determining whether his impartiality might reasonably be questioned." *State v. Cheatham*, 349 S.C. 101, 111, 561 S.E.2d 618, 624 (Ct.App.2002). "Absent evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal." *Id.* "It is not enough for a party seeking disqualification to simply allege bias. The party must show some evidence of bias." *Id.* "Furthermore, the alleged bias must be personal, as distinguished from judicial, in nature." *Id.*

"The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Swafford*, 375 S.C. 637, 640, 654 S.E.2d 297, 299 (Ct.App.2007) (citation omitted). "An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support." *State v. Rice*, 375 S.C. 302, 315, 652 S.E.2d 409, 415 (Ct.App.2007). "To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice." *State v. Douglas*, 367 S.C. 498, 508, 626 S.E.2d 59, 64 (Ct.App.2006).

## LAW/ANALYSIS

### I. Motion for mistrial

Howard argues the trial court erred in declining to grant his motion for a mistrial. We find this issue abandoned on appeal. An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority. *Glasscock, Inc. v. U.S. Fidelity & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct.App.2001).

Howard failed to cite any authority in support of his assertion that the trial court erred in denying his motion for a mistrial. Therefore, Howard abandoned this issue on appeal, and we decline to consider the argument.

## II. Trial judge's failure to recuse himself

■ Howard argues the trial judge erred in failing to recuse himself. We disagree.

"A judge must exercise sound judicial discretion in determining whether his impartiality might reasonably be questioned." *State v. Cheatham*, 349 S.C. 101, 111, 561 S.E.2d 618, 624 (Ct.App.2002). "Absent evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal." *Id.* "It is not enough for a party seeking disqualification to simply allege bias. The party must show some evidence of bias." *Id.* "Furthermore, the alleged bias must be personal, as distinguished from judicial, in nature." *Id.* In addition, "a judge is not disqualified in a criminal action because of an adverse decision in a former case involving entirely different and unrelated criminal charges against the same party." *State v. Cabiness*, 273 S.C. 56, 57, 254 S.E.2d 291, 292 (1979).

The alleged bias in this case stems from a previous trial where the trial judge found Howard in contempt and gave him a six month sentence. The trial judge indicated he had no animosity toward Howard and was not aware Howard had filed a complaint with the clerk of court. Moreover, the trial judge noted the incident in question occurred three years earlier and that he had not seen or heard from Howard since that time. There is no evidence the trial judge had any personal bias toward Howard. The alleged bias in this case stems from a previous judicial proceeding where the trial judge was obligated to handle Howard's contempt. Accordingly, the trial judge had no proper basis to recuse himself and did not abuse his discretion in declining to recuse himself from the trial.

## III. Interference with the presentation of a defense

■ Howard argues the trial court erred in interfering with his presentation of a defense. We believe this issue is not properly preserved for review.

During Howard's testimony, the State asked "how much had [the victim] had as it relates to drinking anything non-alcoholic or alcoholic, what was that?" In response, Howard testified the victim used cocaine the night before the incident. The State objected on the ground the testimony was nonresponsive and asked that the testimony be stricken from the record. The trial court asked the jury to disregard Howard's testimony. The State again objected when Howard testified the victim used Oxycontin in response to the State's question as to whether or not the victim had consumed beer or alcohol the day of the injury. The trial court sustained the objection and asked the jurors to "disregard the comments that you just heard that refer to illegal drug use on the part of anyone else in this case."

Howard made no objection to the trial court's instruction that any testimony regarding illegal drug use was not to be considered. Therefore, Howard's argument that the trial court interfered with his presentation of a defense is not preserved for review.[1] See State v. Lee, 350 S.C. 125, 130, 564 S.E.2d 372, 375 (Ct.App.2002) ("An issue must be raised to and ruled upon by the trial judge to be preserved for appellate review.").

## IV. Admission of stun gun and pepper spray

Howard argues the trial court erred in admitting evidence of the stun gun and pepper spray found in his pockets when he was arrested. However, Howard failed to contemporaneously object to the testimony regarding these items. Therefore, we find this issue is not properly preserved for review. See State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) ("[M]aking a motion in limine to exclude evidence at the beginning of trial does not preserve an issue for review because a motion in limine is not a final determination. The moving party, therefore, must make a contemporaneous objection when the evidence is introduced.").

---

1. We note the jury heard testimony that the victim had been drinking for seven hours on the day in question. Therefore, Howard's defense that the victim was intoxicated was before the jury even without the illegal drug use testimony.

At the start of trial, defense counsel made a motion in limine to exclude the admission of the stun gun and pepper spray, arguing those items were not relevant. The trial court reminded defense counsel to make a contemporaneous objection and asked the State to inform defense counsel in advance when the testimony concerning the stun gun and pepper spray would be offered. The State informed defense counsel it planned to illicit testimony regarding the stun gun and pepper spray from arresting officer Ron Crabtree. Officer Crabtree later testified that at the time he placed Howard under arrest a check of his pockets revealed a stun gun and a can of pepper spray. Defense counsel made no objections during Officer Crabtree's testimony and waited until after the testimony of the next witness to place his objection to the admission of the stun gun and pepper spray on the record. The trial court noted the objection was not contemporaneous and explained that the testimony was permitted because it was relevant and probative on the issue of the victim's fear of Howard.

Although defense counsel made an in limine motion to suppress the introduction of the stun gun and pepper spray into evidence, counsel did not renew his objection at trial when the testimony regarding these items was entered into evidence. Because no objection was renewed at the time the evidence was offered, the matter is not preserved for appeal. *See id.*

## V. Admission of prior convictions

Howard argues the trial court erred in admitting his prior ABHAN convictions. We find the trial court erred by not conducting an on-the-record balancing test weighing the probative value of Howard's prior convictions against their prejudicial effect. Accordingly, we reverse the trial court's admission of Howard's prior ABHAN convictions and we remand this issue to the trial court for a proper balancing test.

"The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Swafford,* 375 S.C. 637, 640, 654 S.E.2d 297, 299 (Ct.App.2007) (citation omitted). "An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that

is without evidentiary support." *State v. Rice*, 375 S.C. 302, 315, 652 S.E.2d 409, 415 (Ct.App.2007). "To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice." *State v. Douglas*, 367 S.C. 498, 508, 626 S.E.2d 59, 64 (Ct.App.2006).

■ According to Rule 609(a)(1), SCRE, prior convictions punishable by more than one year imprisonment are admissible for impeaching the credibility of a defendant who testifies when "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Our Supreme Court has approved the five-factor analysis generally employed by the federal courts for weighing the probative value for impeachment of prior convictions against the prejudice to the accused. *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000). The following factors, along with any other relevant factors, should be considered by the trial court: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Id.*

■ In *State v. Martin*, this court noted a preference for an on-the-record *Colf* balancing test by the trial court:

While *Colf* involved the admission of prior convictions more than ten years old under Rule 609(b), SCRE, this court has implicitly recognized the value of these factors in making such a determination under Rule 609(a)(1), and urged the trial bench to not only articulate its ruling, but also provide the basis for it, thereby clearly and easily informing the appellate courts that a meaningful balancing of the probative value and the prejudicial effect has taken place as required by Rule 609(a)(1).

347 S.C. 522, 530, 556 S.E.2d 706, 710 (Ct.App.2001) (citations omitted). An on-the-record balancing test is particularly important for prior similar convictions under Rule 609(a)(1) because the "similarity of a prior crime to the crime charged heightens the prejudicial value of the crime." *State v. Elmore*, 368 S.C. 230, 239, 628 S.E.2d 271, 275 (Ct.App.2006).

The trial court ruled Howard's convictions for ABHAN from November 1995, April 2004, and December 2004 were within the ten-year rule and the probative value of their admission outweighed the prejudicial effect to Howard. While the trial court found this case was one of credibility, the court further found Howard's previous ABHANs were probative on the issue of whether he was capable of committing such an act. The trial court ruled it would limit the prejudicial effect by not allowing testimony that the victims in two of the prior ABHANs were Howard's mother and the victim in this case. The trial court also noted that a contemporaneous instruction would be given to the jurors advising them that Howard's prior convictions were not to be used to determine his guilt or innocence. During Howard's testimony regarding the convictions and during final jury instructions, the trial court informed the jury that Howard's prior convictions could be used to weigh Howard's credibility but not his propensity to commit the offense.

Howard argues that while the trial court indicated his prior convictions were admitted for the purpose of determining his credibility, the trial court further stated the convictions were admitted because they were probative of whether he was capable of committing the ABHAN. He argues the trial court's basis for admitting the prior convictions constituted an error as a matter of law. However, Howard did not object to the trial court's basis for admitting his prior convictions, therefore we find this issue is not properly preserved for review. *See State v. Lee*, 350 S.C. 125, 130, 564 S.E.2d 372, 375 (Ct.App.2002) ("An issue must be raised to and ruled upon by the trial judge to be preserved for appellate review.").

Howard also argues the prejudicial effect of admitting his prior convictions outweighs the probative value. We remand this issue to the trial court for an on the record balancing test weighing the probative value of Howard's prior convictions against their prejudicial effect.

Given the similarity between the prior convictions and the crime charged we cannot conclude Howard was not prejudiced by the admission of his prior convictions. Although evidence of the prior convictions may be probative of Howard's credibility, they were highly prejudicial because they involved the

same conduct for which Howard was on trial. *See State v. Bryant*, 369 S.C. 511, 517–18, 633 S.E.2d 152, 156 (2006) (holding that when a prior offense is similar to the charged offense the "danger of unfair prejudice to the defendant from impeachment by that prior offense weighs against its admission."); *State v. Scriven*, 339 S.C. 333, 343, 529 S.E.2d 71, 76 (Ct.App.2000) (holding that when prior convictions are "similar or identical to charged offenses ... the likelihood of a high degree of prejudice to the accused is inescapable."). While the trial court articulated that Howard's prior convictions were probative of his credibility, the trial court provided no analysis of the prejudicial impact of admitting these prior convictions. Therefore, we find the trial court erred by not conducting the proper on-the-record balancing test when weighing the probative value and prejudicial impact of Howard's prior convictions and we remand this issue to the trial court.

On remand the trial court should conduct a hearing on the admissibility of Howard's prior convictions and carefully weigh the probative value of the prior convictions for impeachment purposes against their prejudicial effect. *See Colf*, 337 S.C. at 629, 525 S.E.2d at 249; *Scriven*, 339 S.C. at 344, 529 S.E.2d at 77 (finding the appellate court should not undertake a Rule 609 balancing test, but should remand the issue to the trial court). If upon remand the trial court determines the prejudicial impact to Howard outweighs the probative value of impeachment, the court should order a new trial. *See Scriven*, 339 S.C. at 344, 529 S.E.2d at 77. Otherwise, the conviction and sentence should be affirmed subject to appellate review. *Id.* Therefore, we reverse the trial court's admission of Howard's prior convictions, and we remand this issue to the trial court for an on-the-record *Colf* balancing test.

## VI. Probation revocation

 Howard argues the trial court erred in holding a probation revocation hearing and revoking his probation without a probation violation warrant. We disagree.

During sentencing after Howard's ABHAN trial, the court heard from Agent Brown, Howard's probation officer. Agent Brown informed the court Howard had pending warrants in

two probation cases for failure to report, failure to notify of arrest, and failure to follow instructions of probation agent. Defense counsel conceded his client's ABHAN conviction constituted a violation of his probation cases, and indicated he had no objection to the "jurisdiction or venue of this court today to hear these probation violation hearings." Additionally, defense counsel suggested the court only consider Howard's ABHAN conviction as the violation. In response, the Department of Probation agreed to withdraw the prior two warrants and "issue a new citation charging [Howard] only with the new conviction, and disregard the other charges." The court asked defense counsel if he had any objection to this procedure and he indicated that he had "none whatsoever."

Pursuant to section 24–21–450 of the South Carolina Code (2007) a warrant must be issued and the probationer must be served with the warrant before probation can be revoked. However, section 24–21–300 of the South Carolina Code (2007) permits the use of a citation and affidavit in lieu of a warrant. The probation citation in the record indicates Howard was served with the citation during sentencing following his ABHAN conviction. Accordingly, because Howard was served with the citation the trial court did not err in holding a probation revocation hearing and revoking Howard's probation. Therefore, the ruling of the circuit court is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HEARN, C.J., and PIEPER, J., concur.