THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Randolph Scott
 Freeman, Appellant.
 
 
 
 
 

Appeal From Pickens County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2010-UP-368
 Submitted June 1, 2010  Filed July 14,
2010    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 J. Benjamin Aplin, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Randolph Scott Freeman was convicted of indecent
 exposure and sentenced to three years' imprisonment.  The trial court also
 revoked his probation in full for a second-degree burglary conviction, ordering
 it to be served consecutively with his indecent exposure sentence. On appeal, Freeman
 argues the trial court lacked subject matter jurisdiction because he was not
 served or arrested on a probation violation warrant prior to his probation
 being revoked.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. §  24-21-300 (2007) (stating a citation and affidavit can be issued and
 served in lieu of a probation violation warrant for probation revocation); State
 v. Howard, 384 S.C. 212, 224, 682 S.E.2d 42, 48 (Ct. App. 2009) (finding
 the trial court had jurisdiction to revoke probation because defendant was
 served with the citation and affidavit during the sentencing hearing and prior
 to revoking probation).
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.