720 S.E.2d 511

The **STATE**, Respondent,

v.

Stacy W. **HOWARD**, Appellant.

No. 4916.

Court of Appeals of South Carolina.

Heard Nov. 3, 2011.

Decided Dec. 14, 2011.

Rehearing Denied Jan. 30, 2012.

Appellate Defender Susan Hackett and Appellate Defender Tristan Shaffer, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina Catoe, all of Columbia; and John Gregory Hembree, of Conway, for Respondent.

### LOCKEMY, J.

Stacy Howard appeals his conviction of assault and battery of a high and aggravated nature (ABHAN). Howard argues the trial court misapplied the *Colf*[1] factors when weighing the probative value and prejudicial impact of admitting his prior ABHAN convictions. We reverse and remand.

---

[1]. *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000).

## FACTS/PROCEDURAL BACKGROUND

On February 29, 2007, a Georgetown County jury found Howard guilty of ABHAN. At trial, Howard's former girlfriend testified he struck her during an argument in his truck. The victim's nose was broken in three places, and she underwent surgery for her injury. The victim initially lied and told the emergency room doctor she hit the dashboard when Howard slammed on the brakes. Howard was arrested after the victim felt safe enough to tell the police what really occurred the night of the incident. She testified Howard struck her twice with his fists. Howard testified the victim was out of control, and he unintentionally hit her while attempting to get a clear view of the road. He stated he was unsure whether his blow broke her nose or whether she hit the dashboard. Howard testified he and the victim had been drinking the day of the incident.

During trial, Howard was impeached with three prior ABHAN convictions. Over Howard's objection, the trial court ruled Howard's convictions for ABHAN from November 1995, April 2004, and December 2004 were within the ten year rule and the probative value of their admission outweighed the prejudicial effect to Howard. The trial court found this case was one of credibility, and Howard's previous ABHANs were probative on the issue of whether he was capable of committing such an act. The trial court ruled it would limit the prejudicial effect by not allowing testimony that the victims in two of the prior ABHANs were Howard's mother and the victim in this case. During Howard's testimony regarding the convictions and during final jury instructions, the trial court informed the jury that Howard's prior convictions could be used to weigh Howard's credibility but not his propensity to commit the offense.

The trial court sentenced Howard to eight years' imprisonment for the ABHAN conviction. The trial court also found Howard's ABHAN conviction violated the terms of two probationary sentences. The trial court revoked Howard's first probation case consecutively for eight years and his second probation case consecutively for four and a half years. Howard appealed his conviction to this court arguing the trial court erred in admitting his prior ABHAN convictions.

In July 2009, this court reversed the admission of Howard's prior ABHAN convictions and remanded to the trial court for an on-the-record *Colf* balancing test. *See State v. Howard*, 384 S.C. 212, 682 S.E.2d 42 (Ct.App.2009). This court directed the trial court to conduct a hearing on the admissibility of Howard's prior convictions and carefully weigh the probative value of admitting his prior convictions for impeachment purposes against their prejudicial effect. *Id.* at 223, 682 S.E.2d at 48. The court noted that "[w]hile the trial court articulated that Howard's prior convictions were probative of his credibility, the trial court provided no analysis of the prejudicial impact of admitting these prior convictions." *Id.* The court further found that given the similarity between Howard's prior convictions and the crime charged, it could not conclude that Howard was not prejudiced by the admission of his prior convictions. *Id.* at 222, 682 S.E.2d at 48. The court explained that although evidence of his prior convictions may be probative of Howard's credibility, they were highly prejudicial because they involved the same conduct for which Howard was on trial. *Id.* at 222–23, 682 S.E.2d at 48.

On remand, a hearing was held before the trial court on January 19, 2010. After hearing arguments from both parties, the trial court discussed the five factors set forth in *Colf* and ruled Howard's prior ABHAN convictions were admissible because the probative value of admitting them "fairly substantially" outweighed the prejudicial effect to Howard. After ruling, the trial court gave the parties the opportunity to respond. Defense counsel made a general objection, stating "Your Honor, we take exception to that ruling." This appeal followed.

## ISSUE ON APPEAL

1. Did the trial court err in applying the *Colf* factors?

## STANDARD OF REVIEW

■■■ "The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Swafford*, 375 S.C. 637, 640, 654 S.E.2d 297, 299 (Ct.App.2007) (citation omitted). "An abuse of discretion occurs when the

ruling is based on an error of law or a factual conclusion that is without evidentiary support." *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005). "To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice." *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005).

## LAW/ANALYSIS

Howard argues the trial court misapplied the *Colf* factors, and thus erred in admitting his prior ABHAN convictions. We agree.

According to Rule 609(a)(1), SCRE, prior convictions punishable by more than one year imprisonment are admissible for impeaching the credibility of a defendant who testifies when "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Our Supreme Court has approved the five-factor analysis generally employed by the federal courts for weighing the probative value for impeachment of prior convictions against the prejudice to the accused. *State v. Colf*, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000). The following factors, along with any other relevant factors, should be considered by the trial court: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Id.*

On remand, the trial court discussed the five *Colf* factors as well as several other factors it believed "strongly mitigate[d] in favor of the admission of the prior convictions." First, the trial court found the impeachment value of Howard's prior convictions was "rather substantial" because Howard and the victim were the only witnesses to the assault. The trial court further found the impeachment value was heightened by Howard's repeated attacks on the victim's character over objections from the State and admonition from the court. Second, the trial court found Howard's prior convictions were admissible because they occurred within ten years. The trial court

stated it believed the purpose of the remoteness rule was that if someone committed a crime, served the penalty, and remained out of trouble, he should not be impeached with his prior crimes. The court noted Howard continued to be "generally difficult" after his prior convictions and did not have a "clean slate" when he came before the court for this trial. Third, the trial court acknowledged that Howard's prior convictions were "highly similar" to the present charge. However, the court noted it excluded the victims' names and gave curative instructions to lessen the prejudicial impact. Addressing the fourth and fifth *Colf* factors, the trial court found Howard's testimony was "very important to his case" because he was the sole witness for the defense. The court also found Howard's credibility was "pivotal" because there were no witnesses to the assault.

The trial court also stated other facts it considered in admitting Howard's prior convictions. The court found Howard was an "intelligent man" with "an unusual degree of criminal litigation sophistication." The court stated Howard "knew what he was doing" when he repeatedly brought improper matters to the jury's attention in order to "tip the scales in his favor." The trial court found the prejudicial effect of admitting Howard's prior convictions was "somewhat diminished if not negated" by Howard's use of his prior ABHANs as part of his defense.[2] The trial court also clarified a comment it made at trial regarding its reason for admitting the prior convictions. At trial, the trial court stated Howard's previous ABHANs were clearly probative on the issue of whether Howard was capable of committing the assault. On remand, the trial court explained that it failed to fully articulate its point, and it was aware that prior convictions were not admissible to show propensity or behavior in conformity with that propensity. The trial court explained:

> [G]iven the way this case broke and given the defenses put forward by Mr. Howard, ah, the fact that the victim was hurt in a wreck as opposed to being hurt in an ABHAN, and further that the wreck was her own fault, and further that she had been a lot of trouble to him through the years and

---

2. We note Howard's references to his prior ABHAN convictions occurred after the trial court admitted his prior convictions into evidence.

for seven years he had looked out for her and had, 'put up with her,' that the issue of whether this is someone protecting her or attacking her is what the Court meant when the Court said that this is evidence which would show whether or not he would be capable of such an event. In other words, it is a protector versus an attacker.

The trial court concluded by stating, that after reviewing all of the above and for the reasons stated, the probative value of admitting Howard's prior convictions "substantially outweighed" the prejudicial effect. Defense counsel responded, stating "we take exception to that ruling."

First on appeal, Howard argues the trial court misapplied the first *Colf* factor—the impeachment value of the prior crimes. At the remand hearing, the trial court determined the impeachment value of Howard's prior ABHAN convictions was "heightened" because Howard and the victim were the only witnesses to the assault and because Howard attacked the victim's character at trial. Howard contends neither of those findings is relevant to a determination of the impeachment value of his *prior* ABHANs. Howard argues the trial court focused its analysis on the importance of credibility in this case and failed to make a finding as to the impeachment value of his prior convictions. We agree.[3]

Whether the probative value of admitting prior convictions substantially outweighs the prejudicial impact is a determination the trial court should make after carefully balancing the *Colf* factors and articulating for the record the specific facts and circumstances supporting its decision. Here, the trial court failed to properly address the impeachment value of Howard's prior ABHAN convictions as required by *Colf*. While the trial court discussed the importance of credibility in this

---

3. The State contends this issue is not preserved for our review because Howard did not specifically object to the trial court's ruling or request clarification at the hearing. We disagree. In his argument during the remand hearing, defense counsel made a specific argument regarding the first *Colf* factor. He argued crimes not involving dishonesty or false statements are not generally probative of truthfulness, and therefore, they should not be admitted for impeachment purposes. Because this argument was raised to the trial court during the hearing and ruled upon by the court, we find it is preserved. *See State v. Liverman*, 386 S.C. 223, 243, 687 S.E.2d 70, 80 (Ct.App.2009) (holding issues must be raised to and ruled upon by trial court to be preserved for review).

case, the court failed to state how Howard's prior ABHANs were probative of his credibility. The trial court instead focused on Howard's character, which does not affect the impeachment value of his prior crimes. A reading of the record indicates Howard's prior convictions were admitted to show he was capable of committing the charged offense. Additionally, given the similarity between Howard's prior convictions and the offense charged, we cannot conclude Howard was not prejudiced by the admission of his prior convictions. See *State v. Bryant*, 369 S.C. 511, 517–18, 633 S.E.2d 152, 156 (2006) (holding that when a prior offense is similar to the charged offense the "danger of unfair prejudice to the defendant from impeachment by that prior offense weighs against its admission"); *State v. Scriven*, 339 S.C. 333, 343, 529 S.E.2d 71, 76 (Ct.App.2000) (holding that when prior convictions are "similar or identical to charged offenses ... the likelihood of a high degree of prejudice to the accused is inescapable"). We believe the admission of Howard's prior ABHAN convictions was more prejudicial than probative, especially in light of the offense for which he was on trial. We note that while this court previously remanded to the trial court for consideration of the *Colf* factors, we do not see the need for an additional remand hearing. Accordingly, we reverse the trial court's admission of Howard's prior convictions and remand for a new trial.

 ■ Howard also argues the trial court admitted his prior convictions because he "deserved to be punished and prejudiced in response to his misbehavior." Howard contends the trial court improperly considered his "inappropriate" behavior in previous court proceedings and during trial, in deciding to admit his prior convictions. Finally, Howard argues the trial court erred in admitting his prior convictions because they were highly probative in establishing Howard's propensity to commit the crime charged. Howard contends that although the trial court acknowledged that prior crimes were not admissible to show propensity, the court further stated that it was admitting his prior convictions because they were probative of whether he was capable of committing ABHAN. Because Howard failed to raise these arguments to the trial court, we find they are not preserved for our review. See *Liverman*, 386 S.C. at 243, 687 S.E.2d at 80 (holding issues must be

raised to and ruled upon by trial court to be preserved for review); *see also State v. Varvil,* 338 S.C. 335, 340, 526 S.E.2d 248, 251 (Ct.App.2000) (holding a general objection is ordinarily insufficient to preserve an issue for appeal); *State v. Byers,* 392 S.C. 438, 446, 710 S.E.2d 55, 59 (2011) (holding an objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error).

## CONCLUSION

We reverse the trial court's admission of Howard's prior ABHAN convictions and remand for a new trial.

**REVERSED AND REMANDED.**

HUFF and PIEPER, JJ., concur.