THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN 
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA 
In The Court of Appeals 
 
 
 
 
 The State, Respondent, 
 
 v. 
 
 Frank Varn, Appellant. 
 Appellate Case No. 2010-168027 
 
 
 
 
 
Appeal From Richland County 
Clifton Newman, Circuit Court Judge 
 

Unpublished Opinion No. 2012-UP-338 
Heard May 7, 2012 – Filed May 30, 2012 

REVERSED 

 
 
 
 
 Assistant 
 Public Defender Tristan M. Shaffer of Richland County Public Defender's Office, 
 of Columbia, for Appellant. 
 Attorney 
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant 
 Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General 
 Harold M. Coombs, Jr., all of the Office of the Attorney General, of Columbia; and 
 Solicitor Daniel E. Johnson, of the Fifth Judicial Circuit, of Columbia, for 
 Respondent. 
 
 
 
 
PER CURIAM:  Appellant 
 Frank Varn appeals from an order of the circuit court reversing the dismissal of 
 the State's case against him for criminal domestic violence.  The circuit court 
 found the magistrate's court abused its discretion by suppressing testimony 
 proffered by the State and remanded the case to the magistrate's court for 
further proceedings.  We reverse.  
We find the State failed to provide a sufficient record 
 from which the circuit court could determine that the magistrate's court erred 
 by suppressing the proffered testimony because the record does not clearly 
 indicate what the excluded testimony would have been or the grounds for the 
 magistrate's court's decision to exclude the evidence.[1]  See State v. Howard, 396 S.C. 173, 177, 720 S.E.2d 511, 514 (Ct. App. 
 2011) ("The admission or exclusion of evidence is left to the sound 
 discretion of the trial court . . . ." (internal quotation marks omitted)); State v. Winestock, 271 S.C. 473, 474, 248 S.E.2d 307, 307-08 (1978) 
 (providing it is the appellant's burden to present a sufficient record from 
 which the appellate court can determine whether the trial court erred in the 
 respects charged); State v. Garris, 394 S.C. 336, 350 n.12, 714 S.E.2d 
 888, 896 n.12 (Ct. App. 2011) ("[A]n appellate court will not consider 
 error alleged in the exclusion of testimony unless the record on appeal shows 
 fairly what the excluded testimony would have been." (internal quotation 
 marks omitted)); S.C. Code Ann. § 18-3-70 (Supp. 2011) (providing the circuit 
 court must review criminal appeals from the magistrate's court based solely 
 upon the record). 
REVERSED. 
PIEPER, KONDUROS, and GEATHERS, JJ., concur. 
 
 
[1] On appeal to the circuit court, it was the State's 
 burden as the appellant to provide a sufficient record to the court.