**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Christopher A. Wellborn, Appellant,

v.

City of Rock Hill, Respondent.

Appellate Case No. 2013-002580

———————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-414
Submitted May 1, 2015 – Filed August 12, 2015

———————

**AFFIRMED**

———————

James W. Boyd, of Rock Hill, for Appellant.

City Solicitor Paula Knox Brown and Senior City
Solicitor Christopher Edward Barton, both of Rock Hill,
for Respondent.

———————

**PER CURIAM:**  Christopher A. Wellborn appeals a circuit court order affirming the municipal court's ruling that held him in contempt of court.  Wellborn argues (1) the municipal judge erred in finding him in contempt when there was no record of the trial; (2) the municipal judge erred in not recusing himself from the

contempt hearing; and (3) the alleged contemptuous conduct did not come within the purview of section 22-3-950 of the South Carolina Code (2007) or section 40-5-510 of the South Carolina Code (2011). We affirm pursuant to Rule 220(b), SCACR.

1. The circuit court properly found the municipal judge did not err in holding Wellborn in contempt for conduct not recorded in a trial transcript because the municipal judge's contempt order clearly and specifically stated how Wellborn's conduct violated a court order. *See Curlee v. Howle*, 277 S.C. 377, 382, 287 S.E.2d 915, 918 (1982) ("Contempt results from the willful disobedience of an order of the court, and before a person may be held in contempt, the record must be clear and specific as to the acts or conduct upon which such finding is based.").

2. Wellborn's arguments that the municipal judge was required to recuse himself under the Sixth Amendment to the United States Constitution and article I, section 14 of the South Carolina Constitution are unpreserved because the circuit court did not rule on these issues. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court."); *Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding an issue unpreserved for appellate review when the lower court did not rule on the issue and the party failed to make a Rule 59(e), SCRCP, motion asking the lower court to rule on the issue).

As to the argument that the municipal judge erred in not recusing himself because the municipal judge was a material witness in the contempt hearing, the circuit court properly found there was no error. *See State v. Howard*, 384 S.C. 212, 218, 682 S.E.2d 42, 45 (Ct. App. 2009) ("Absent evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal." (internal quotation marks omitted)); *id.* (affirming the trial judge's decision not to recuse himself because "the trial judge had no proper basis to recuse himself and did not abuse his discretion in declining to recuse himself from the trial"); *State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("An abuse of discretion occurs when a trial [judge]'s decision is unsupported by the evidence or controlled by an error of law." (internal quotation marks omitted)); Rule 501, Canon 3(E)(1)(d)(iv), SCACR (requiring a judge to disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including instances when the judge is likely to be a material witness).

3. The circuit court properly found the municipal judge had the inherent authority to hold Wellborn in contempt because he violated a court order. *See State v. Passmore*, 363 S.C. 568, 571, 611 S.E.2d 273, 275 (Ct. App. 2005) ("The determination of contempt ordinarily resides in the sound discretion of the trial judge."); *Stone v. Reddix-Smalls*, 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1988) ("On appeal, a decision regarding contempt should be reversed only if it is without evidentiary support or the trial judge has abused his discretion."); *Garrett*, 350 S.C. at 619, 567 S.E.2d at 526 ("An abuse of discretion occurs when a trial [judge]'s decision is unsupported by the evidence or controlled by an error of law." (internal quotation marks omitted)); *Curlee*, 277 S.C. at 382, 287 S.E.2d at 918 ("Contempt results from the willful disobedience of an order of the court . . . ."); *id*. at 382, 287 S.E.2d at 917 ("The power to punish for contempt is inherent in all courts. Its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts, and consequently to the due administration of justice."); *State ex rel. McLeod v. Hite*, 272 S.C. 303, 305, 251 S.E.2d 746, 747 (1979) ("The phrase 'inherent powers' is used to refer to powers included within the scope of a court's jurisdiction which a court possesses irrespective of specific grant by Constitution or legislation. Such powers can neither be taken away nor abridged by the legislature." (internal quotation marks omitted)).

Because the circuit court did not err in finding the municipal judge had the inherent authority to hold Wellborn in contempt, we decline to address whether Wellborn's conduct came within the purview of section 22-3-950 or section 40-5-510. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address a remaining issue when its determination of another issue is dispositive of the appeal).

**AFFIRMED.** [1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.