**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bernice Caldwell, Appellant,

v.

Patricia Mitchell, in her own right and as Personal Representative, Dennis Mitchell, Sharon M. Culp, Thomas Lamont Davis, Sumter O'Neal Caldwell, and Latrinda Robinson, Defendants,

of whom Patricia Mitchell, in her own right and as Personal Representative, is the Respondent.

Appellate Case No. 2024-000259

———

Appeal From York County
Carolyn E. Woodruff, Probate Court Judge
Daniel Dewitt Hall, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-037
Submitted January 2, 2026 – Filed February 4, 2026

———

**AFFIRMED**

———

John Martin Foster, of Rock Hill, for Appellant.

Charles Baxter Burnette, IV, of Frost Echols, LLC, of Rock Hill, for Respondent.

———

**PER CURIAM:**  Bernice Caldwell appeals the circuit court's order affirming the probate court's order which denied her petition challenging the validity of the Last Will and Testament of Sumter Mitchell, III (Decedent).  On appeal, Caldwell argues Decedent's will was invalid because he was illiterate and there was insufficient evidence he understood the will form.  We affirm pursuant to Rule 220(b), SCACR.[1]

We hold the circuit court did not err in affirming the probate court's finding that Decedent's will was valid because, despite his illiteracy, a presumption arose that Decedent understood the contents of the will and Caldwell, possessing the burden of proof to show incapacity, failed to provide any evidence of Decedent's incapacity at the time of executing the will.  *See Hairston v. McMillan*, 387 S.C. 439, 445, 692 S.E.2d 549, 552 (Ct. App. 2010) ("An action to contest a will is an action at law, and in such cases reviewing courts will not disturb the probate court's findings of fact unless a review of the record discloses no evidence to support them."); *Hembree v. Est. of Hembree*, 311 S.C. 192, 195, 428 S.E.2d 3, 4 (Ct. App. 1993) ("The test of capacity necessary to make a will is whether the testator knew his estate, the objects of his affections[,] and to whom he wished to give his property."); *id.* ("[T]he presumption arises upon proof of due execution of the will that the testator knew its contents and this is sufficient to establish testator knowledge thereof."); *In re O'Neill's Est.*, 259 S.C. 55, 63, 190 S.E.2d 754, 758 (1972) (holding this presumption, "in the absence of other proof, [is] sufficient to establish the fact of knowledge of the contents of the will"); S.C. Code Ann. § 62-3-407 (2022) ("Contestants of a will have the burden of establishing undue influence, fraud, duress, mistake, revocation, or lack of testamentary intent or capacity."); *id.* ("Parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof.").

---

[1] To the extent Caldwell argues Decedent's will was invalid due to undue influence, mistake, or improper manner and form, we hold these issues are abandoned because Caldwell failed to provide any argument or supporting authority as to these issues in her appellate brief.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating that when an appellant "fails to provide arguments or supporting authority," he is "deemed to have abandoned th[e] issue"); *State v. Howard*, 384 S.C. 212, 217, 682 S.E.2d 42, 45 (Ct. App. 2009) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority.").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.