**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jason M. Aryeh, Respondent,

v.

Olivia R. Aryeh, Appellant.

Appellate Case No. 2023-001334

———

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———

Unpublished Opinion No. 2026-UP-234
Submitted April 1, 2026 – Filed May 20, 2026

———

**AFFIRMED**

———

Olivia R. Aryeh, of Greenwich, Connecticut, pro se.

Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville; and Stafford J. McQuillin, III, and E. Elliot Condon, both of Haynsworth Sinkler Boyd, PA, of Charleston, all for Respondent.

———

**PER CURIAM:**  Olivia R. Aryeh (Wife) appeals the master-in-equity's order awarding Jason M. Aryeh (Husband) $120,391.73 in attorney's fees and costs.  On appeal, Wife argues the master erred in determining the amount of legal fees it awarded Husband.  We affirm pursuant to Rule 220(b), SCACR.

We hold Wife abandoned the issue raised on appeal because her final brief did not cite supporting legal authority. *See Miller v. Dillon*, 432 S.C. 197, 207, 851 S.E.2d 462, 468 (Ct. App. 2020) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." (quoting *State v. Howard*, 384 S.C. 212, 217, 682 S.E.2d 42, 45 (Ct. App. 2009))); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691-92 (Ct. App. 2001) (determining an appellant abandoned an issue when it raised the issue in its appellant's brief in a conclusory manner and "even though [it] more fully addressed the issue in its reply brief, an argument made in a reply brief cannot present an issue to the appellate court if it was not raised in the initial brief").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.